18599. BROWN *et al. v.* CITY OF BRUNSWICK *et al.*

Argued June 14, 1954—Decided July 13, 1954.

*G. B. Cowart,* for plaintiffs in error.

*B. N. Nightingale, Gowen, Conyers, Fendig & Dickey,* contra.

CANDLER, Justice. That area in the City of Brunswick which is known as the Dart Homestead Tract was originally zoned R-1, residential use only. By ordinance number 313, which was adopted on November 15, 1950, it was rezoned from R-1 to R-3, apartments, etc. Later the owner of lot 13 and the north half of lot 14 in the Dart Homestead Tract petitioned the City of Brunswick to change for use or rezone her property from R-3, apartments, etc., to commercial use. After due notice and a public hearing, the applicant's property was changed for use or rezoned to commercial use by an ordinance which the city adopted on January 6, 1954; and so far as the record shows, no objection by anyone was interposed to the prayer of the petition. Subsequently, Life Insurance Company of Georgia, a corporation which had purchased the rezoned property, applied to the City of Brunswick's building inspector for a permit to erect a one-story office building on it. Before the permit was granted and on February 5, 1954, Hoyt W. Brown and several others filed a petition in the Superior Court of Glynn County against the City of Brunswick, C. B. Langford, as Building Inspector for the City of Brunswick, and Life Insurance Company of Georgia, and prayed for an injunction to prevent the City of Brunswick and C. B. Langford, as the city's building inspector, from issuing the building permit applied for; and also for an injunction to prevent Life Insurance Company of Georgia from erecting and maintaining an office building on the land involved. In addition to the facts already stated and insofar as they need be further shown, it is alleged that the petitioners own residences and residential property in the Dart Homestead Tract, and in another adjacent tract, both of which were zoned originally for

residential use only. It is also alleged that section 27 of a zoning ordinance which the City of Brunswick adopted on September 16, 1929, is invalid, (1) because the City of Brunswick was without charter power to adopt it, and (2) because it offends the due-process clauses of the State and Federal Constitutions. A copy of the ordinance of January 6, 1954, changing for use or rezoning the property in question from R-3, apartments, etc., to commercial use so as to permit the erection and maintenance of an office building on it, was attached to and by reference made a part of the petition; and the copy ordinance so attached shows affirmatively that it was adopted by the City of Brunswick after due notice and a public hearing at which evidence was submitted showing that a change for use or rezoning from R-3, apartments, etc., to commercial use was necessary for the preservation and enjoyment of substantial property rights of the applicant-owner, and that such change for use or rezoning so as to permit the erection and maintenance of an office on it would not be detrimental to the public welfare or injurious to the other property owners in the area affected. However, the evidence which the City Commission heard in support of the application for a change for use or rezoning is not incorporated in or otherwise made a part of the record. The defendants demurred to the petition generally on the ground that it failed to state a cause of action for the injunctive relief sought. The petition was dismissed on the demurrers interposed thereto, and the exception is to that judgment.

1. By an amendment to article III, section VII of the Constitution of 1877 (Code § 2-1825), the legislature was authorized to grant to the governing authorities of the City of Brunswick and other named cities "authority to pass zoning and planning laws whereby such cities may be zoned or districted for various uses and other or different uses prohibited therein, and regulating the use for which said zones or districts may be set apart, and regulating the plans for development and improvement of real estate therein." Pursuant to the authority conferred by this constitutional amendment, the legislature in 1927 amended the charter of the City of Brunswick (Ga. L. 1927, p. 929). This charter amendment gave the City Commission of Brunswick authority to divide the municipality into zones or districts "of such

number, shape and size as may best suit and carry out the purposes of this Act, and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of the buildings, structures or land." By sections 4 and 5 of the charter amending act, the City Commission of Brunswick was also authorized to provide for the manner in which such zones or districts should be determined and established and from time to time amended, supplemented, changed, modified, enlarged or repealed. And section 5 of the act further provides: "In case, however, of a protest against such change by the owners of twenty percent or more of the freeholders included in the area proposed to be changed, such amendment shall not become effective except by the favorable vote of two thirds of the City Commission, or they may refer said question to the qualified freeholders residing in said area for their determination, in which case a majority vote shall govern." Pursuant to the authority conferred by the legislative act referred to, the City Commission of Brunswick adopted an ordinance on September 16, 1929, under the terms and provisions of which all of the territory embraced within the limits of the city was subsequently zoned or districted, including, of course, that area of the city known as the Dart Homestead Tract. However, section 27 of the aforesaid ordinance provides that the owner of property in any zoned or districted area may petition the city to have it placed in some other zone or district or excepted from some particular restriction or restrictions applicable to the zone or district in which it is located; and the City Commission is authorized to grant such request when it is satisfied from the landowner's petition and the matters relating thereto that such change of zone or exception from some particular restriction or restrictions is necessary for the preservation and enjoyment of such property right or rights of the applicant and is not materially detrimental to the public welfare or to other property in the vicinity; and the section also provides for an investigation to determine the advisability of granting the landowner's request, for notice to those who have property in the affected area, for the right to protest and be heard by those whose property may be affected by any proposed zoning change or exception, and for a determination of the proposed zoning change or exception by

vote in the manner and way fixed by the ordinance. The plaintiffs attacked the validity of this section of the ordinance, contending that it was illegal and void, on the ground that the City of Brunswick was wanting in charter power to adopt it. We cannot agree to this contention. Power to zone, rezone, and make changes for use was clearly conferred upon the City of Brunswick by sections 4 and 5 of the zoning act of 1927, amendatory of its charter; and such power is unquestionably in harmony with the amendment to the Constitution of 1877 which provided for zoning in the City of Brunswick. This ruling accords with the holding in *McCord* v. *Ed Bond & Condon Co.*, 175 *Ga.* 667 (165 S. E. 590, 86 A. L. R. 703). Here, as there, the act which permitted zoning, and the ordinance itself, each permitted a change in the use of property previously zoned for a different use; and, in that case, which involved a permit granted by the Board of Zoning Appeals of Atlanta to the owner of property which had been zoned for residential use to use it for an undertaking establishment, this court in the second headnote of the opinion held: "There is nothing in the evidence in this case to show that there was an abuse of the power on the part of the board in granting the permit for the operation of an undertaking establishment." See also *Morgan* v. *Thomas*, 207 *Ga.* 660 (2) (63 S. E. 2d 659). But even if it could be said, as contended, that the City of Brunswick was without charter power to adopt section 27 of the ordinance of September 16, 1929, the legislature in 1949 passed an act (Ga. L. 1949, p. 339), ratifying and confirming all of the ordinances as to zoning which the City of Brunswick had adopted, including the one of September 16, 1929, and the validity of that act is not here questioned. The present case differs on its facts, and is for that reason distinguishable, from *Snow* v. *Johnston*, 197 *Ga.* 146 (28 S. E. 2d 270). And *Barton* v. *Hardin*, 204 *Ga.* 108 (48 S. E. 2d 882), does not require a ruling different from the one we have made in the case at bar. There the Commissioners of Richmond County had power to zone but none to rezone.

2. The other attack that the plaintiffs sought to make on the validity of section 27 of the zoning ordinance which the City of Brunswick adopted on September 16, 1929, relates only to that portion of the section which provides that the decision of the

City Commission of Brunswick on an application to change for use or rezone property for another and different use shall be final and conclusive as to all matters and things involved in such petition. But since it does not appear from the record in the instant case that the plaintiffs made any objection to the owner's application to change for use or rezone the property in question, and it does affirmatively appear that they had notice of the application, were afforded an opportunity to be heard, and failed to appear and protest, such ground of attack may not be considered. *Davis* v. *Haddock,* 191 *Ga.* 639 (13 S. E. 2d 657).

For reasons stated in the two preceding divisions, the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who is disqualified.*