G. W. HARRIS AND S. TRAVERSO AND A. D. RILEY, APPELLANTS, *v.* CITY OF RENO, A MUNICIPAL CORPORATION; HUGO QUILICI, ROY BANKO- FIER, EDWARD SPOON, CLAUDE HUNTER, CLARENCE J. THORNTON, EDWARD CHISM AND WILLIAM GRAVELLE, AS THE DULY ELECTED, QUALIFIED AND ACTING COUNCILMEN OF THE CITY OF RENO; CLIFFORD MALONE AS EX OFFICIO CITY TREASURER; ALBERT BOYNE AS EX OFFICIO CITY ASSESSOR; ELIOT CANN AS CITY ENGINEER; AND ELLIOT GILL AS CITY CLERK, RESPONDENTS.

No. 4862

May 7, 1965                                     401 P.2d 678

*Peter I. Breen, Ernest S. Brown,* and *George Lohse,* of Reno, for Appellants.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Harris, Traverso and Riley, property owners and resident citizens of Reno, Nevada, who were defeated below in a declaratory relief proceeding (NRS 30.040), brought to question the validity of Reno City Ordinance No. 1352, appeal to this court. We affirm.

The matter was presented to the lower court upon an agreed statement of facts which we need not quote in full. The questioned ordinance was enacted February 12, 1962. Briefly, it provides for sewer service charges against the users "of premises, property or structures of every kind, nature and description, which are connected directly or indirectly with the sewer system of the City of Reno * * *." The charges are collected by the Chief License Inspector or such other person as the City Manager may appoint, and transmitted to the City Clerk. If the charges imposed become delinquent, the City Assessor may levy a special assessment upon the premises and against the person chargeable therewith, and the assessment roll, when recorded, shall constitute a lien upon the property assessed, which may be foreclosed by sale. The sewer service charges collected "shall be used solely for the maintenance, operation, improvement, expansion, extension or betterment of the sanitary and storm sewer collection system, treatment facilities and reasonable appurtenances of the City of Reno, and for the redemption of the interest on and the payment of the principal of any bonds issued by the City for the purpose of improving, expanding, extending, or constructing any sanitary and storm sewer collection system or treatment plants and appurtenances and for the costs of collecting the charges imposed in this article and of administering this article."

Reno proposes to issue its general obligation bonds in the principal sum of $4,000,000, and to use the funds

acquired thereby to build a new sewage treatment facility to serve the sanitary sewer system of the City and for the purposes of extending interceptor sewer lines, installing new storm drain lines, and improving those now in existence. Reno intends to meet the annual principal and interest requirements of the $4,000,000 bond issue and the annual principal and interest requirements of prior sewer improvement bond issues (in 1947, 1953 and 1955) by paying the same from the sewer service charges imposed and collected under City Ordinance No. 1352.

Harris, Traverso and Riley, the plaintiffs below and the appellants here, have not paid the sewer use charges imposed upon them under the terms of the ordinance. They excuse their failure to do so on two grounds. First, they assert that the City of Reno did not have charter or legislative authority to enact and enforce the City Ordinance in question. Second, they contend that the collection of sewer service charges from them and others similarly situated would violate Nev. Const. Art. 10, § 2, which limits the total tax levy for all public purposes to five cents on each one dollar of assessed valuation. Underlying each argument is this factual story. Each of the plaintiffs owns real property in Reno which, for several years before the enactment of Ordinance No. 1352, has been connected to and served by adjacent sewer lines which were installed as a part of the sanitary sewer and storm drain system of Reno and which lines were paid for by special assessments imposed on their said real property. The agreed facts tell us that the aggregate approximate sum of $190,000 is required each year to discharge the principal and interest payments on the outstanding 1947, 1953 and 1955 general obligation sewer improvement bonds. These plaintiffs object to the City of Reno paying the annual principal and interest requirements of the 1947, 1953 and 1955 sewer improvement bonds from the sewer service charges collected under the February 12, 1962, ordinance. The City had discharged one year's principal and interest payment on those bonds from sewer service charges collected under the ordinance. The plaintiffs insist that the prior bond

issues may not be retired in this manner, but must be discharged as provided by NRS 350.350–350.490, "Water and Sewer Bond Law," and not otherwise.

1. The judgment below declared City Ordinance No. 1352 to be valid and that the plaintiffs were not entitled to relief, viz., they must pay the sewer use charges imposed upon them under that ordinance or suffer the consequences therein provided. That judgment was entered November 5, 1964. If ever there was doubt as to Charter or a legislative grant of authority to the City of Reno to enact Ordinance 1352, it was erased on March 5, 1965, by a new law, Assembly Bill No. 163. Omitting the title, that law reads:

"WHEREAS, A question has been raised with respect to the statutory or charter authority of the City of Reno, Nevada, to enact its Ordinance No. 1352, which was passed, adopted and approved February 12, 1962; now, therefore, *The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

"SECTION 1. All of the provisions of Ordinance No. 1352, of the City of Reno, Nevada, passed and adopted by the city council of the City of Reno and approved by the mayor thereof all on February 12, 1962, entitled 'An ordinance to amend Chapter 9 of the Reno Municipal Code by adding thereto a new article to be known as Article XIV; providing for the imposition and collection of fees for the use of the City of Reno's sewage collection and disposal system; providing for the imposition of and collection of a fee for new connections to said sewer system; providing that delinquent fees be made a lien against the property served, and providing for other matters properly relating thereto,' are hereby authorized, ratified, approved and confirmed in all respects.

"SEC. 2. This act shall operate to supply such legislative authority as may be necessary to validate any and all acts performed, or proceedings taken, by or on behalf of the City of Reno, Nevada, pursuant to, or in anywise appertaining to Ordinance No. 1352.

"SEC. 3. This act is necessary to secure and preserve the public health, safety, convenience and welfare of the people of the State of Nevada, and it shall be liberally construed to effect its purpose.

"SEC. 4. This act shall become effective upon passage and approval."

The challenged action of the City (its payment of one year's principal and interest due upon the 1947, 1953 and 1957 sewer improvement bonds from the sewer service charges collected under Ordinance 1352) was expressly validated by § 2 of Assembly Bill No. 163. Subject to constitutional limitations, a legislature may, by curative statute, validate acts and proceedings of municipal corporations and, when done, the subsequent legislative sanction is the equivalent of original authority. 62 C.J.S., Municipal Corporations § 196; 16A C.J.S., Constitutional Law § 428; Sanford v. Major Dania, Inc., 43 So.2d 712 (Fla. 1949); North Gallatin Unit School Dist. No. 1 v. Wright, 20 Ill.App.2d 266, 156 N.E.2d 6; Brown v. City of Brunswick, 210 Ga. 738, 83 S.E.2d 12; Cf. Chenoweth v. Board of Co. Commr's, 79 Nev. 403, 385 P.2d 771.

2. Though Harris, Traverso and Riley seek to persuade us that the sewer use charge imposed upon them by Ordinance 1352 somehow violates Nev. Const. Art. 10, § 2, we find their argument to be without merit. The sewer use charge is not an ad valorem tax within the scope of that provision of the constitution. Rhyne, Municipal Law (1957), § 20–5; McQuillin, Municipal Corporations (3d Ed. 1963), Vol. 16, § 44.02; Western Heights Land Corp. v. City of Fort Collins, 146 Colo. 464, 362 P.2d 155; Laverents v. City of Cheyenne, 67 Wyo. 187, 217 P.2d 877; Williams v. City of Madison, 15 Wis.2d 430, 113 N.W.2d 395.

We conclude that Reno City Ordinance No. 1352 is valid and that the City of Reno may impose the sewer use charges therein provided for upon the plaintiffs below and all other similarly situated for the purposes therein specified, including the redemption of the principal and interest due and to become due upon the 1947,

1953 and 1955 sewer improvement bonds issued by the City of Reno.

Affirmed.

BADT, J., and ZENOFF, D. J., concur.