JOHN P. AMES AND DOROTHA AMES, HUSBAND AND WIFE, APPELLANTS, v. CITY OF NORTH LAS VEGAS, A MUNICIPAL CORPORATION, ET AL., RESPONDENTS.

No. 5366

December 14, 1967                    435 P.2d 202

[Rehearing denied January 10, 1968]

*Harry J. Mangrum, Jr.,* of Las Vegas, for Appellants.

*John P. Fadgen,* City Attorney, North Las Vegas, for Respondents.

**OPINION**

By the Court, THOMPSON, C. J.:

This appeal is from an interlocutory order denying a preliminary injunction incident to an action for declaratory relief. The appeal is permissible. Vegas Franchises, Ltd. v. Culinary Workers, 83 Nev. 236, 427 P.2d 959 (1967).

John and Dorotha Ames, resident taxpayers, sought a judgment invalidating Ordinance No. 322 of the City of North Las Vegas. That ordinance creates a special assessment district for street, sidewalk, and storm sewer projects within the city

and will be financed by the sale and issuance of public improvement bonds. Their claim for declaratory relief rests upon the premise that Ordinance No. 322 was invalidly enacted as an emergency measure, since the preamble of that ordinance does not adequately express the reasons for the emergency, and an emergency in fact did not exist. The same contention was presented to the district court when Ames sought a preliminary injunction to halt construction which was under way. The district court apparently thought that the ordinance was validly enacted as an emergency measure and denied the application for a preliminary injunction. Although we do not share this view, we are forced to sustain the validity of the ordinance by reason of subsequent validating legislation [Public Securities Validation Act—67 Stats. Nev. ch. 27, p. 56] which corrected defects existing in the enactment of Ordinance 322. For this reason we affirm.

1. The Charter of the City of North Las Vegas provides that "No ordinance shall be passed as an emergency measure unless reasons for passing it as such are expressed in its preamble." The preamble to Ordinance 322, in pertinent part reads: "* * * said Council desires now to authorize such improvements and work by this emergency measure, the reasons for passage as an emergency measure being the necessity for immediately undertaking such improvements." That statement is nothing more than a mere declaration that an emergency exists. Cf. Joplin v. Ten Brook, 263 P. 893, 895 (Ore. 1928). The reasons therefor are not expressed. The taxpayers of the city were not advised why emergency action was needed.

Three Nevada cases bear on the issue—Penrose v. Whitacre, 61 Nev. 440, 132 P.2d 609 (1942); Carville v. McBride, 45 Nev. 305, 202 P. 802 (1922); Chartz v. Carson City, 39 Nev. 285, 156 P. 925 (1916). Penrose suggests that if the condition sought to be corrected had existed for years and was not sudden or unexpected, it is not an emergency. Id. at 457. Chartz characterizes an emergency as something "greatly out of the ordinary; something which could not be adequately met by the usual machinery of government." Id. at 294. Indeed, Chartz stands for the proposition that a street improvement program is a "matter more of comfort and convenience than of immediate, indispensable emergency." Id. at 296. And Carville indicates that it may be permissible for a court to go behind the council's declaration of emergency (whether faulty or otherwise) and ascertain if an emergency in fact existed when the ordinance was passed. One must note, however, that

Carville did not resolve this question since it was not an issue on appeal.

Assuming, without deciding, that it may sometimes be permissible for a court to go behind the legislative declaration of emergency and examine the facts, the testimony received by the court below in this case does not show a condition of emergency within the standards established by Penrose and Chartz. The City Manager testified that the improvement project was undertaken to correct flood and traffic problems. There was nothing presented to suggest to the trial court that those problems suddenly developed, were unexpected, or greatly out of the ordinary. To the contrary, the problems had existed for years. We conclude that Ordinance No. 322 was not validly enacted as an emergency measure since the preamble of that ordinance does not adequately express the reasons for the emergency as required by charter, nor did an emergency in fact exist.

2. In 1967 the legislature enacted the Public Securities Validating Act to cure defects existing in the enactment of laws providing for financing public improvements through the issuance and sale of public securities. Subject to constitutional limitations, such curative statute validates the acts and proceedings of municipal corporations. The subsequent legislative sanction is the equivalent of original authority. Harris v. City of Reno, 81 Nev. 256, 401 P.2d 678 (1965). We find no constitutional barrier in this case. Ordinance 322 was passed on August 29, 1966. A public hearing on the proposed special assessment district preceded enactment by more than a month. John and Dorotha Ames were notified of that public hearing by registered mail. They objected orally and in writing to the creation of such district. The city council was aware of their disapproval and heard their protests. The ordinance was not secretly enacted. Due process was accorded the protestants.

The special assessment district bonds have not yet been sold. The curative statute effectively covers this situation.[1] City of Venice v. Lawrence, 141 P. 406, 408 (Cal.App. 1914).

---

[1]Sec. 3 of the Act reads: "All outstanding public securities of the state and of all public bodies thereof, and all acts and proceedings heretofore had or taken, or purportedly had or taken, by or on behalf of the state or any public body thereof under law or under color of law preliminary to and in the authorization, execution, sale, issuance and payment (or any combination thereof) of all such public securities are

We must, therefore, rule that the 1967 Public Securities Validating Act cured the defective enactment of Ordinance No. 322 as an emergency measure.

Affirmed.

COLLINS, J., ZENOFF, J., BATJER, J., and MOWBRAY, J., concur.

---

hereby validated, ratified, approved and confirmed, including but not necessarily limited to the terms, provisions, conditions and covenants of any resolution or ordinance appertaining thereto, the redemption of public securities before maturity and provisions therefor, the levy and collection of rates, tolls and charges, special assessments, and general and other taxes, and the acquisition and application of other revenues, the pledge and use of the proceeds thereof, and the establishment of liens thereon and funds therefor, appertaining to such public securities, except as hereinafter provided, notwithstanding any lack of power, authority or otherwise, other than constitutional, and notwithstanding any defects and irregularities, other than constitutional, in the creation of such public body and in such public securities, acts and proceedings, and in such authorization, execution, sale, issuance and payment, including, without limiting the generality of the foregoing, such acts and proceedings appertaining to such public securities all or any part of which have heretofore not been issued nor purportedly issued. Such outstanding public securities are and shall be, and such public securities heretofore not issued nor purportedly issued shall be, after their issuance, binding, legal, valid and enforcible obligations of the state or the public body issuing them in accordance with their terms and their authorizing proceedings, subject to the taking or adoption of acts and proceedings heretofore not had nor taken, nor purportedly had nor taken, but required by and in substantial and due compliance with laws appertaining to any such public securities heretofore not issued nor purportedly issued."

Sec. 4 of the Act reads: "This act shall operate to supply such legislative authority as may be necessary to validate any public securities heretofore issued and any such acts and proceedings heretofore taken which the legislature could have supplied or provided for in the law under which such public securities were issued and such acts or proceedings were taken. This act, however, shall be limited to the validation of public securities, acts and proceedings to the extent to which the same can be effectuated under the state and federal constitutions. Also this act shall not operate to validate, ratify, approve, confirm or legalize any public security, act, proceeding or other matter the legality of which is being contested or inquired into in any legal proceeding now pending and undetermined, and shall not operate to confirm, validate or legalize any public security, act, proceedings or other matter which has heretofore been determined in any legal proceeding to be illegal, void or ineffective."