613 P.2d 302

**BELLA VISTA RANCHES, INC.,**
Plaintiff/Appellee,

v.

**The CITY OF SIERRA VISTA, a body politic; James Herrewig, Planning Director; David Dross, Zoning Administrator; Michael Hicks, a member of the Planning & Zoning Commission; Sharon Hains, a member of the Planning & Zoning Commission; Robert Holcombe, a member of the Planning & Zoning Commission; Julius Forcella, a member of the Planning & Zoning Commission; Michael L. Gentry, a member of the Planning & Zoning Commission; Carroll O. Meyer, a member of the Planning & Zoning Commission; Edward Ortega, a member of the Planning & Zoning Commission; Hans Van Gelder, a member of the Planning & Zoning Commission; and Richard Wilson, a member of the Planning & Zoning Commission, Defendants/Appellants.**

No. 2 CA–CIV 3368.

Court of Appeals of Arizona,
Division 2.

April 23, 1980.

Rehearing Denied May 21, 1980.

Review Denied June 17, 1980.

Kerley & DeFrancesco by Joseph J. De-Francesco, Bisbee, for plaintiff-appellee.

Polley & Polley by Wesley E. Polley, Bisbee, for defendants-appellants.

## OPINION

HATHAWAY, Chief Judge.

Appellee, owner of a parcel of land in Sierra Vista, brought an action to compel the city to approve a commercial site development plan for the land. Approval of the site plan was refused by the city on the grounds that the parcel of land was a subdivision requiring that appellee comply with the City Subdivision Regulations. The case was tried to the court resulting in a judgment in favor of appellee.

In 1966, Sierra Vista adopted Ordinance No. 72 which provides for rules, regulations and standards governing the platting of land into subdivisions in the city and sets forth the procedures to be followed. The issue here is whether subdivision regulations adopted prior to the passage of A.R.S. Sec. 9–463 and 9–463.04 were violated.

We agree with the trial court that Sierra Vista had no authority to regulate subdivisions prior to the passage of A.R.S. Secs. 9–463 and 9–463.04. Sierra Vista is a municipal corporation created by the state. It has no inherent police power and, therefore, its power to regulate zoning must exist by virtue of delegated power. *City of Scottsdale v. Superior Court*, 103 Ariz. 204, 439 P.2d 290 (1968). A.R.S. Sec. 9–463.01, which became effective January 1, 1974, provides:

"A. Pursuant to the provisions of this article, the legislative body of every municipality shall regulate the subdivision of all lands within its corporate limits."

1. Only A.R.S. Sec. 9–276 applies to the City of Sierra Vista as Secs. 9–240 and 243 apply to towns.

Contrary to appellants' arguments, this is the first enabling legislation authorizing a municipality to regulate the subdivision of land within its territorial limits. Appellants' reliance on statutes such as A.R.S. Sec. 9–240, 9–276 and 9–243 is misplaced.[1]

Before passage of A.R.S. Sec. 9–463, et seq., the legislature had delegated no comprehensive regulatory authority to cities and towns over subdividing. As pointed out by Prof. M. Schroeder in his law review article:

"Frail support for controlling subdividing could be found in the provision authorizing cities to lay out, establish, and regulate streets, sidewalks, parks, and public grounds; these provisions did not confer express powers similar to those listed above, but merely supported minimal control over the design and installation of streets in new developments." (Footnotes omitted) Regulation of Private Land Use, 1973, Ariz.St.L. Journal 747, 754.

In *Robinson v. Lintz*, 101 Ariz. 448, 420 P.2d 923 (1966), our Supreme Court held that counties did not have the power to require approval of subdivision plats unless the power was expressly conferred by statute, notwithstanding that counties had express authority to plan. We believe the same rationale applies here, and hold that Sierra Vista's 1966 ordinance cannot be sustained upon general statutory provisions which do not refer to subdivision control. We decline to attribute to A.R.S. Sec. 9–474(A), as argued by appellants, legislative recognition that cities had authority to regulate subdivisions.[2]

Appellants' inability to find any supporting authority for their claim that somehow the enactment of A.R.S. Sec. 9–463.01(A) breathed life into Ordinance No. 72 indicates the lack of merit in this argument. *Harris v. City of Reno*, 81 Nev. 256, 401 P.2d 678 (1965), is inapposite in that it involved a curative statute which specifically validated an ordinance.

2. A.R.S. Sec. 9–474 provides for cities "having an ordinance establishing minimum subdivision standards and controls" to exercise extraterritorial authority over subdivision of land within three miles of their corporate limits.

The exercise of the zoning power must be founded on legislative delegation to local governmental units to so proceed, and in the absence of such a grant, such exercise is *ultra vires* and void. *Golden v. Planning Board of Town of Ramapo*, 30 N.Y.2d 359, 334 N.Y.S.2d 138, 285 N.E.2d 291 (1972), appeal dis. 409 U.S. 1003, 93 S.Ct. 436, 34 L.Ed.2d 294. Ordinance No. 72 was therefore void. Sierra Vista's power to control the subdivision of lands within its territorial limits did not become operative until it enacted its 1976 Code pursuant to the legislative grant of power.

Affirmed.

HOWARD and RICHMOND, JJ., concur.