BUILDERS ASSOCIATION OF NORTHERN NEVADA, APPELLANT, *v.* CITY OF RENO, NEVADA, RESPONDENT.

No. 19425

June 22, 1989                                776 P.2d 1234

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* and *Karen Peterson,* Carson City, for Appellant.

*Patricia A. Lynch,* Reno City Attorney, and *Madelyn Shipman,* Chief Deputy City Attorney, Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Builders Association of Northern Nevada sought declaratory relief against respondent City of Reno, requesting the district court to declare that Reno violated NRS 354.5989 by increasing building permit fees, park fees and plan check fees in contravention of the statute. The district court concluded that "the plain language of NRS 354.5989 weighs against any implication of a private remedy and that the sole means of enforcing the statute is the procedure outlined under NRS 354.6245." Consequently, the district court granted Reno's motion to dismiss the complaint.

On appeal, the Builders Association contends that the district court erred when it determined that: (1) appellant failed to make a claim for declaratory relief; and (2) NRS 354.5989 does not imply a private cause of action. We disagree.

The Uniform Declaratory Judgments Act does not establish a new cause of action or grant jurisdiction to the court when it would not otherwise exist. Jenkins v. Swan, 675 P.2d 1145, 1148 (Utah 1983). Instead, the Act merely authorizes a new form of relief, which in some cases will provide a fuller and more adequate remedy than that which existed under common law. *Id.* Accordingly, the Builders Association's complaint does not properly state a claim for relief unless the Local Government Budget Act (LGBA) expressly provides or implies a private cause of action to remedy violations of NRS 354.5989.

The parties agree that the LGBA does not provide an express private cause of action. Consequently, if we are to find a private cause of action exists, we must imply it from the provisions of the LGBA.

The Builders Association argues that contrary to the district court's holding, the LGBA does not establish legislative intent to preclude a private cause of action for the enforcement of NRS 354.5989. Moreover, it maintains that the LGBA does not specify that the procedure outlined in NRS 354.6245 provides the sole means of enforcing NRS 354.5989. In fact, it asserts that because

the procedure established in NRS 354.6245 deals only with review of annual audits submitted by local governments, the provisions do not relate to NRS 354.5989.

Reno admits that in enacting NRS 354.5989, the legislature imposed a duty and proscription on local governments to obtain revenues from various fees only within certain limits. However, Reno contends that the legislature further provided the procedure by which the law was to be enforced when, in NRS 354.6245, it delegated the enforcement duty to the department of taxation and, if necessary, the attorney general.

NRS 354.6245 provides that the department of taxation shall review the annual audits submitted by local governments. The department's review of the annual audits "shall identify all violations of *statute* and regulation reported therein." NRS 354.6245(2) (emphasis added). The local government must then advise the department of its proposed plan of correction to prevent further violations of law or regulation. NRS 354.6245(2). If the local government fails to submit a proposed plan of correction or fails to comply with the established plan, the statute empowers the attorney general to seek a writ compelling compliance. NRS 354.6245(3). Therefore, the district court correctly concluded that NRS 354.6245 provides the means of enforcing the LGBA, including NRS 354.5989.

If a statute expressly provides a remedy, courts should be cautious in reading other remedies into the statute. Student Coalition for Peace v. Lower Merion School, 776 F.2d 431, 440 (3d Cir. 1985); Holter v. Moore and Co., 681 P.2d 962, 965 (Colo. Ct.App. 1983). Conversely, the absence of any express remedial provisions suggests that the legislature intended that the courts imply an appropriate remedy. *Student Coalition for Peace,* 776 P.2d at 440. In the instant case, the remedial procedure established by NRS 354.6245 supports the trial court's conclusion that the LGBA creates no private cause of action to remedy violations of NRS 354.5989.

Furthermore, the purpose of the LGBA is to regulate the local government budgeting process. NRS 354.472(1). In enacting the LGBA, the legislative history fails to indicate that the legislature intended to subject local governments to a potential barrage of lawsuits that, either individually or collectively, could disrupt local governments' daily activity or cause uncertainty in local government fiscal affairs.

Therefore, the district court properly granted Reno's motion dismissing the Builders Association's complaint for declaratory judgment. Accordingly, we affirm the district court's decision.