# IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON L. KATZ,
Appellant,
vs.
INCLINE VILLAGE GENERAL
IMPROVEMENT DISTRICT,
Respondent.

No. 70440

FILED

FEB 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in an action against a general improvement district (GID). Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant primarily challenges four district court orders, which we address in turn.[1] Perceiving no reversible error, we affirm.[2]

### August 22, 2012, Order

The district court granted judgment on the pleadings with respect to appellant's first, second, third, fourth, fifth, seventh, eighth, ninth, tenth, and eleventh claims. Although those claims sought various

---

[1]Because appellant's challenges to the district court's other orders appear to be moot if the four primary orders are affirmed, we do not specifically address appellant's challenges to the other orders.

[2]In rendering this disposition, we have attempted to address all of appellant's arguments that were cogently presented in district court and again in the opening brief. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). To the extent that this disposition does not specifically address additional arguments that appellant raises, we have determined that those arguments do not warrant reversal.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-07355

forms of declaratory relief, the district court determined that the statutes that formed the basis for those claims did not authorize a private right of action. In making this determination, the district court relied on *Builders Association of Northern Nevada v. City of Reno*, which recognized that "[t]he Uniform Declaratory Judgments Act does not establish a new cause of action" and that "[i]f a statute expressly provides a remedy, courts should be cautious in reading other remedies into the statute." 105 Nev. 368, 369-70, 776 P.2d 1234, 1234-35 (1989).

Appellant first contends that these ten claims were viable under NRS 30.040(1). While the language in that statute may arguably be at odds with *Builders Association*, appellant does not address *Builders Association*, much less ask that it be modified or overturned. Thus, appellant's third, fourth, and fifth claims are directly controlled by *Builders Association* because they challenge respondent's alleged violations of NRS Chapter 354's Local Government Budget and Finance Act. 105 Nev. at 370, 776 P.2d at 1235. Similarly, because appellant's remaining seven claims challenge respondent's actions allegedly violating NRS Chapter 318, and because NRS 318.515 provides an express remedy for a GID elector to challenge such actions, the reasoning in *Builders Association* applies with equal effect to those claims.[3]

Appellant next contends that NRS 308.080(4) grants him standing to assert his first claim wherein he seeks a district court order requiring respondent to adopt a service plan. We disagree, as that statute

---

[3]Although appellant contends that NRS 318.515(1) demonstrates the Legislature's intent to provide an immediate private remedy for a GID's violation of NRS Chapter 318, we find that argument implausible in light of NRS 318.515(4).

pertains to enjoining a departure from an already-adopted service plan. Because nothing in NRS Chapter 308 or NRS Chapter 318 clearly requires a GID to retroactively adopt a service plan if it was not required to do so when it was created, we are not persuaded that the Legislature intended for NRS 308.080(4) to have the effect that appellant proffers.[4] *See In re CityCenter Constr. & Lien Master Litg.*, 129 Nev. 669, 673, 310 P.3d 574, 578 (2013) ("The ultimate goal of interpreting statutes is to effectuate the Legislature's intent.").

Appellant next contends that he has standing as a taxpayer to assert his first through fifth claims. While we note appellant's reliance on *City of Las Vegas v. Cragin Industries, Inc.*, 86 Nev. 933, 478 P.2d 585 (1970), *disapproved of in part by Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955 n.7, 35 P.3d 964, 969 n.7 (2001), this court recently reaffirmed the general rule that a taxpayer lacks standing when he or she has not "suffer[ed] a special or peculiar injury different from that sustained by the general public," *Schwartz v. Lopez*, 132 Nev., Adv. Op. 73, 382 P.3d 886, 894 (2016) (citing *Blanding v. City of Las Vegas*, 52 Nev. 52, 69, 280 P. 644, 648 (1929)). Thus, we are not persuaded that appellant has taxpayer standing. Although *Schwartz* recognized a "public-importance exception" to the general rule, 132 Nev., Adv. Op. 73, 382 P.3d at 894, we are not persuaded that the exception applies here, as appellant is the only GID elector that has chosen to participate this litigation.

---

[4]We are not persuaded by appellant's argument that the Legislature implicitly intended to adopt such a requirement by virtue of its 1977 amendment to NRS 308.020.

Appellant finally contends that his eighth and eleventh claims seeking a refund of the Beach and Recreation Facility Fees are viable. In particular, appellant contends that he should not be required to comply with NRS 318.201(12) because the process for seeking a tax refund is ill-suited for seeking a refund of Beach and Recreation Facility Fees. While we recognize that the tax-refund process may provide an awkward means for appellant to seek a refund of the Beach and Recreation Facility Fees, we cannot ignore NRS 318.201(12)'s plain language, and nothing in the records suggests that appellant has tried to comply with the tax-refund process such that the district court or this court would otherwise be justified in excusing appellant's noncompliance.

*August 27, 2014, Order*

The district court granted what it termed "summary judgment" on appellant's sixth, fifteenth, and seventeenth claims. With respect to the sixth and fifteenth claims, appellant primarily contends that the district court's ruling should be reversed because there was a factual dispute as to whether the utility rate changes set forth in respondent's resolutions were just and reasonable, as well as nondiscriminatory. We disagree for two primary reasons. First, appellant has not persuasively argued that a GID's utility rates are subject to the "just and reasonable" and "not unduly discriminatory" standards in NRS Chapter 704 and NAC Chapter 704 pertaining to public utilities. *See* 1977 Nev. Stat. ch. 293, §§ 1-3, at 541-42 (removing GIDs from the control of the Public Services Commission and instead enacting NRS 318.199's framework).[5] Second, and although

_____

[5]This is not to say that the Legislature intended to condone GIDs imposing wholly unreasonable or extremely discriminatory utility rates. Nonetheless, we are not persuaded that respondent is necessarily bound by

Supreme Court
of
Nevada

(O) 1947A

4

respondent's and the district court's references to "summary judgment" may have caused confusion, the district court's March 21, 2013, order effectively characterized appellant's sixth and fifteenth claims as seeking judicial review of an administrative agency's decision. Thus, in adjudicating appellant's sixth and fifteenth claims, the district court was not required to determine whether a factual dispute existed, but rather, the district court was only required to determine whether respondent's resolutions were supported by substantial evidence. *Cf.* NRS 233B.135(4) (defining "substantial evidence" in the context of judicial review of an administrative decision as "evidence which a reasonable mind might accept as adequate to support a conclusion"). Because respondent followed the procedures outlined in NRS 318.199 for changing the utility rates,[6] and because respondent provided a justification sufficient for a reasonable mind to accept as supporting the rate increases (including but not limited to Joseph Pomroy's memoranda dated February 9, 2011, and February 8, 2012), we are not persuaded that the district court committed reversible error in adjudicating appellant's sixth and fifteenth claims in favor of respondent.

---

*Springfield Gas & Electric Co. v. City of Springfield,* 126 N.E. 739, 744 (Ill. 1920)'s definition of "reasonable and just" or appellant's subjective definition of what is unduly discriminatory.

[6]In the absence of a specific statutory mandate, we are unable to conclude that appellant's due process rights were violated by being permitted to speak only for three minutes at the hearings or by respondent allegedly ignoring appellant's opinions that the rate structures were unjust and unreasonable as well as unduly discriminatory. *Ames v. City of N. Las Vegas,* 83 Nev. 510, 513, 435 P.2d 202, 204 (1967) (recognizing that due process is not necessarily violated when a governing body discounts a protestor's objection).

With respect to his seventeenth claim, appellant contends primarily that he was a third-party beneficiary under a deed and that he sufficiently alleged the need for an appointment of a receiver. Assuming appellant was a third-party beneficiary, we conclude that the district court was within its discretion in declining to appoint a receiver. *See Hines v. Plante*, 99 Nev. 259, 261, 661 P.2d 880, 881 (1983) (observing that the decision to appoint a receiver is within the district court's discretion). As the district court recognized, "[t]he appointment of a receiver . . . is a harsh and extreme remedy which should be used sparingly and only when the securing of ultimate justice requires it." *Id.* at 261, 661 P.2d at 881-82. Here, appellant's primary allegation in support of appointing a receiver was that respondent was permitting unauthorized people to access the beaches. Based on the record, we cannot conclude that the district court abused its discretion in determining that this allegation did not warrant the appointment of a receiver. Beyond that allegation, appellant's remaining allegations and requests for relief pertained to whether the Beach Facility Fee was imposed in violation of NRS Chapter 318. As explained above, NRS 318.515(1) provides the mechanism by which those objections must be lodged.[7] Thus, we are not persuaded that the district court committed reversible error in adjudicating appellant's seventeenth claim in favor of respondent.

*March 11, 2016, Order*

The district court granted partial summary judgment on appellant's twelfth claim relating to the Nevada Public Records Act (NPRA),

---

[7]Contrary to appellant's contention, the allegations in his seventeenth claim do not clearly implicate the interpretation of respondent's deed, nor does his prayer for judgment ask for any such interpretation.

reasoning that appellant lacked standing to challenge the fee provision in Resolution 1801 because he had never been charged with a fee under that Resolution. Appellant argues that no prior assessment of a fee under the Resolution was required in order for him to challenge the Resolution.

We conclude that partial summary judgment was proper, albeit on ripeness grounds. *See In re T.R.*, 119 Nev. 646, 651, 80 P.3d 1276, 1279 (2003) ("Although the question of ripeness closely resembles the question of standing, ripeness focuses on the timing of the action rather than on the party bringing the action."). In particular, appellant has identified five specific problems he has with the Resolution. Three of these five problems involve a fact-specific interplay between the Resolution and the NPRA's provisions authorizing the imposition of fees in certain instances, and it is not possible to determine whether the Resolution violates the NPRA until appellant has actually been assessed a fee.[8] Accordingly, we conclude that the district court properly granted partial summary judgment on appellant's NPRA claim. *See Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) (recognizing that this court will affirm the district court's judgment if the district court reached the right result, albeit for different reasons).

*April 22, 2016, Order*

Following a bench trial, the district court ruled in favor of respondent with regard to all 24 of appellant's exhibits, concluding respondent had committed no violations of the NPRA. On appeal, appellant

---

[8]Appellant's other two identified problems appear to involve precatory language in the Resolution that do not actually impose any restriction on a person requesting public records from respondent.

challenges the district court's determination with respect to the following seven exhibits.

*Draft internal budget*

At trial, Susan Herron testified that she did not provide any draft internal budgets to appellant based on her belief that "draft" documents are not public records. Appellant does not dispute the propriety of Ms. Herron's belief but instead argues that her failure to articulate the basis for refusing to produce the draft documents at the time she responded to appellant's request violated NRS 239.0107. Appellant, however, does not point to any authority suggesting that a violation of NRS 239.0107(1)(d) automatically requires the governmental entity to turn over the otherwise confidential records. Because we are not willing to read such a requirement into the NPRA, we conclude that appellant has failed to establish reversible error with respect to his request for a draft internal budget.

*Employee separation agreement*

Before trial, the district court reviewed *in camera* an employee separation agreement that Ms. Herron had declined to provide appellant on confidentiality grounds and determined that the agreement was, in fact, confidential. Appellant contends (1) respondent made public another former employee's termination agreement; (2) at the time she denied appellant's request, Ms. Herron did not comply with NRS 239.0107(1)(d); and (3) the district court erred in not ordering the production of a redacted version of the agreement. We are not persuaded by appellant's arguments. His first contention fails because he has not cited any authority that respondent waived the confidentiality of one agreement by making public another agreement. His second argument fails for the same reason as described with respect to his request for the draft internal budget. His third

contention fails because the necessary implication of the district court's determination was that the agreement was incapable of redaction such that respondent was not required to do so under NRS 239.010(3). Thus, we conclude that appellant has failed to establish reversible error with respect to his request for the employee separation agreement.

*Attorney memo*

Before trial, the district court reviewed *in camera* a memo from respondent's general counsel that Ms. Herron had declined to provide on the ground of attorney-client privilege and determined that the memo was, in fact, a privileged confidential communication. Appellant contends that respondent failed to introduce evidence that the communications in the memo were intended to be "confidential" as that term is defined in NRS 49.055. However, respondent provided the district court with the memo, who in turn reviewed it and concluded that based on the memo's content, the memo was indeed intended to be a privileged confidential communication. Thus, we conclude that appellant has failed to establish reversible error with respect to his request for the attorney memo.

*Hyatt Sport Shop sales records*

In an email to Ms. Herron, appellant asked for sales records from the Hyatt Sport Shop. In the same email, appellant also asked for various contracts respondent had entered into and for minutes from a meeting of respondent's board of trustees. In response, Ms. Herron provided appellant with the contracts and minutes but responded that the sales records were confidential. At trial, Ms. Herron first testified that she had complied with appellant's NPRA request but she later testified that she withheld the sales records because they contained confidential information. Appellant contends that Ms. Herron's testimony was inconsistent, in that

Supreme Court
of
Nevada

(O) 1947A

she testified she complied with his request but also testified she did not comply with the request. We do not necessarily perceive any inconsistency in Ms. Herron's testimony as she correctly testified that she produced *some* documents responding to a portion of appellant's NPRA request and that she withheld the sales records as confidential. In any event, we are not persuaded that this potential inconsistent testimony amounts to reversible error with respect to appellant's request for the sales records.

*Food and beverage discount logs*

Ms. Herron testified at trial that she did not produce food and beverage discount logs pursuant to appellant's request because any such logs had already been destroyed in conformance with respondent's document-retention policy. Although appellant contends that respondent's destruction of those documents violated NRS 239.124, it does not appear that appellant made this argument in district court, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), and in any event, a violation of NRS 239.124 would not "un-destroy" the logs such that appellant could have access to them.[9] Thus, appellant has not established reversible error with respect to his request for the food and beverage discount logs.

*Computerized data*

Appellant observes that the district court used appellant's offers to access respondent's computers as evidence to support the district court's post-judgment imposition of attorney fees. This observation is

---

[9]Appellant contends that because NRS 239.310 imposes criminal penalties for willful and unlawful destruction of public records, the district court should have subjected respondent to the consequences of the alleged NRS 239.124 violation. The district court, however, is not the appropriate entity to institute criminal proceedings for an alleged NPRA violation.

 

irrelevant to the issues presented in this appeal, and thus, does not constitute reversible error.

*List of Incline Village residents' names and addresses*

Appellant requested from Ms. Herron a list of the names and mailing addresses of all Incline Village residents. In response to this request, Ms. Herron stated that respondent had no such list. At trial, Ms. Herron testified that *at the time of trial*, respondent possessed a list of Incline Village residents' names and addresses, but when questioned whether respondent had that same list when appellant requested it, Ms. Herron answered, "No." In light of Ms. Herron's unequivocal testimony, we are not persuaded that the district court committed reversible error in declining to order respondent to produce a list that did not exist at the time of appellant's NPRA request.

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Egan K. Walker, District Judge
Richard F. Cornell
Erickson Thorpe & Swainston, Ltd.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A