NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON LEIGH-PINK; TANA EMERSON, Plaintiffs-Appellants, v. RIO PROPERTIES, LLC, Defendant-Appellee. | No.   19-17556 D.C. No. 2:17-cv-02910-GMN-VCF MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted December 10, 2020
Pasadena, California

Before:  Ronald M. Gould and Ryan D. Nelson, Circuit Judges, and Brian M. Cogan,** District Judge.

Plaintiffs Aaron Leigh-Pink and Tana Emerson appeal the district court's dismissal of their claims against Rio Properties, LLC ("the Rio"), which owns and operates the Rio All-Suite Hotel and Casino in Las Vegas, Nevada.  We have

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we review *de novo* a dismissal for failure to state a claim. See, e.g., Lloyd v. CVB Fin. Corp., 811 F.3d 1200, 1205 (9th Cir. 2016). We assume the parties' familiarity with the facts.

We affirm the dismissal of the claims for negligence, "declaratory relief," and consumer fraud based on violations of Nevada Revised Statutes ("NRS") § 205.377(1). We reverse the dismissal of the claim for unjust enrichment. And we reserve judgment on the claim for fraudulent concealment and the claim for consumer fraud based on violations of NRS § 598.0923(2). For those two claims, we have certified a controlling question of law to the Supreme Court of Nevada in a separate order filed concurrently with this memorandum.

1. The district court did not err in dismissing the negligence claim. In Nevada, a negligence claim requires "(1) that defendant owed [the plaintiff] a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the [plaintiff] suffered damages." Hammerstein v. Jean Dev. W., 907 P.2d 975, 977 (Nev. 1995). Plaintiffs put forth two theories of negligence, but neither is viable.

First, plaintiffs alleged that the Rio breached its duty "to maintain its water system in a safe, clean, and disease-free condition." According to the operative complaint, the Rio knew that its water system was contaminated with *legionella*, the bacteria that cause Legionnaires' disease, while plaintiffs stayed at the hotel.

2

Plaintiffs thus sought to recover a daily "resort fee" that they paid the hotel. This theory fails on causation grounds. The alleged failure to maintain the water system did not cause plaintiffs to pay the resort fee.

Second, plaintiffs alleged that the Rio "negligently concealed and/or failed to inform, disclose or otherwise notify" them of the *legionella*. We understand this claim as one for "the tort of negligent misrepresentation by nondisclosure, a cause of action based on an actor's negligent failure to disclose material information where there is a duty to disclose." In re Agribiotech, Inc., 291 F. Supp. 2d 1186, 1189 (D. Nev. 2003). Although the Supreme Court of Nevada has never recognized this tort, it has applied the definition of negligent misrepresentation in the Restatement (Second) of Torts, see Bill Stremmel Motors, Inc. v. First Nat. Bank of Nev., 575 P.2d 938, 940 (Nev. 1978), and the Restatement suggests that a negligent misrepresentation by nondisclosure is actionable, see Restatement (Second) of Torts § 551 (1977). Specifically, it provides that "one party to a business transaction is under a duty to exercise reasonable care to disclose . . . facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them." Id. § 551(2)(e). Here, plaintiffs did not allege that the Rio knew that they were about to enter into a business transaction under a mistake of fact; at most, they allege that the Rio should have known. Therefore, assuming that Nevada would even recognize

3

the tort of negligent misrepresentation by nondisclosure, plaintiffs have failed to state a claim.

2. The district court did not err in dismissing the claim for "declaratory relief." The Declaratory Judgment Act, 28 U.S.C. § 2201, creates only a remedy, not a cause of action. See, e.g., Stock W., Inc. v. Confederated Tribes of the Colville Rsvr., 873 F.2d 1221, 1225 (9th Cir. 1989). Likewise, Nevada's version of the Uniform Declaratory Judgments Act "does not establish a new cause of action" but "merely authorizes a new form of relief." Builders Ass'n of N. Nev. v. City of Reno, 776 P.2d 1234, 1234 (Nev. 1989) (per curiam).

3. Further, we cannot conclude that the district court erred in dismissing one of the two consumer fraud claims under NRS § 41.600. Plaintiffs based these claims on two separate allegations: (1) that the Rio violated NRS § 598.0923(2) by failing "to disclose a material fact in connection with the sale or lease of goods or services" and (2) that the Rio violated NRS § 205.377(1) by engaging in "fraud or deceit upon a person by means of a false representation or omission of a material fact." Both the district court and defendants treated these claims as separate, offering discrete reasons for dismissing the second claim. Yet plaintiffs never addressed these arguments. They did not discuss NRS § 205.377 in their opening brief – or even in reply – apart from a passing citation when introducing their claims. We thus conclude that plaintiffs have waived any argument that the district court erred in

4

dismissing the consumer fraud claim based on NRS § 205.377. See, e.g., Brown v. Rawson-Neal Psychiatric Hosp., 840 F.3d 1146, 1148 (9th Cir. 2016).

4. Nevertheless, the district court did err in dismissing the claim for unjust enrichment. Under Nevada law, the claim requires "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975, 942 P.2d 182, 187 (Nev. 1997) (per curiam) (quoting Unionamerica Mortg. & Equity Tr. v. McDonald, 626 P.2d 1272, 1273 (Nev. 1981) (per curiam)). Here, plaintiffs alleged that defendants obtained the $34.01 resort fee by knowingly withholding information regarding the *legionella* in the water system. In these unique circumstances, plaintiffs' allegations were enough to state a claim for unjust enrichment. See Nev. Indus. Dev., Inc. v. Benedetti, 741 P.2d 802, 804 n.2 (Nev. 1987) (per curiam) ("Money paid through misapprehension of facts belongs, in equity and good conscience, to the person who paid it."); see also Restatement (Third) of Restitution and Unjust Enrichment § 1, cmt. e (2011) (stating that a plaintiff may bring "a claim for restitution or 'disgorgement' of the profits of conscious wrongdoing").

5. Our discussion leaves two remaining claims. The first is the consumer fraud claim based on a violation of NRS § 598.0923(2); the second is a claim for fraudulent concealment. For these two claims, we reject as without merit the Rio's arguments that plaintiffs did not adequately plead that the Rio knew of the *legionella*, that plaintiffs did not adequately plead causation, and that plaintiffs have waived their argument regarding damages. We also reject the district court's conclusion that the Rio lacked a "duty to disclose" the contamination. See Dow Chem. Co. v. Mahlum, 970 P.2d 98, 110 (Nev. 1998) (observing that a duty to disclose may arise when one party has "superior knowledge" regarding a transaction or "where the parties enjoy a 'special relationship'"), abrogated on other grounds by GES, Inc. v. Corbitt, 21 P.3d 11 (Nev. 2001) (per curiam); see also Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001) (stating that the innkeeper-guest relationship qualifies as a "special relationship" for purposes of other torts). Therefore, the fraudulent concealment claim and the remaining consumer fraud claim come down to a single issue: whether plaintiffs have adequately pleaded damages.

We have certified this question to the Supreme Court of Nevada for the reasons set forth in the order filed concurrently with this memorandum. The panel shall retain jurisdiction over this case pending resolution of that question, and we stay further proceedings in this appeal. For the claims addressed above, however, the judgment of the district court is

**AFFIRMED IN PART AND REVERSED IN PART.**