THE STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Appellant, *v.* ADOLPH RUX (Deceased) and MRS. RUX, Respondent.

No. 17084

December 23, 1986                    729 P.2d 1361

*Robert S. Giunta,* Las Vegas, and *Pamela Bugge,* Carson City, for Appellant.

*Robert E. Owens,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

The State Industrial Insurance System ("SIIS") appeals from an order denying judicial review of the appeals officer's decision

that a widow of a deceased claimant is entitled to permanent total disability benefits.

Adolph Rux sustained an injury in the course and scope of his employment. After a stroke his condition was found to warrant permanent and total disability. Rux received one payment for permanent total disability before he died as a result of a heart attack.

SIIS determined that Rux's widow, Dora Rux, was not entitled to receive any benefits. Dora Rux appealed the SIIS decision to an appeals officer who found that the widow was not entitled to death benefits pursuant to NRS 616.615 since Adolph's death was not industrial in nature, but that she was entitled to Adolph's permanent total disability benefits pursuant to NRS 616.580. SIIS petitioned for judicial review of the appeals officer's decision. The district court denied the SIIS petition for judicial review.

Dora Rux asserts that the language under NRS 616.580 provides that a widow is entitled to the deceased spouse's permanent total disability benefits until she dies or remarries. We disagree.

NRS 616.580 states, in pertinent part:

> Every employee in the employ of an employer, within the provisions of this chapter, who is injured by accident arising out of and in the course of employment, or his dependents as defined in this chapter, is entitled to receive the following compensation for permanent total disability:
>
> 1. In cases of total disability adjudged to be permanent, compensation per month of 66⅔ percent of the average monthly wage.

NRS 616.580 was enacted in 1947 and amended several times thereafter. Chapter 169, section 59 of the Statutes of Nevada in 1947 employed the identical language of "[e]very employee . . . or his dependents" to refer specifically to the provision of death benefits. In 1949, section 59 was amended and the phrase "[e]very employee . . . or his dependents" was incorporated into the introductory language which referred generally to three subsections including death benefits, temporary total disability and permanent total disability.

In 1959, subsection (c) of section 59, which referred to permanent total disability, was amended to comprise NRS 616.580. NRS 616.580 retained the introductory language from the original 1949 statute which referred specifically to death benefits and from the 1949 statute which referred generally to the three types of compensation: death benefits, temporary total disability and permanent total disability.

The legislative intent behind NRS 616.580 was to limit payment of permanent total disability benefits to the lifetime of the

injured employee.[1] If the death of the employee is caused by the injury which led to permanent total disability, then specified dependents may receive death benefits. NRS 616.615.

There is no express reference in NRS 616.580 that permanent total disability benefits should be paid to dependents under circumstances of a non-industrially related *death of the claimant*. There are no clear guidelines as to whom the benefits should go, how much money the dependents are entitled to, and for how long benefits will be paid.

The purpose of worker's compensation acts is to put an end to private tort litigation between employer and employee and to give a worker the right to compensation for injuries suffered in employment, regardless of fault on the part of the employer. *See* Nevada Industrial Commission v. Peck, 69 Nev. 1, 5, 239 P.2d 244, 246 (1952). While fault by the employer is not an issue under worker's compensation acts, causation between the injury and the right to benefits should not be eliminated without express authorization by the legislature.

Accordingly, the district court's order denying judicial review of the appeals officer's decision is reversed.

---

[1] At a hearing of the Senate Commerce and Labor Committee and Assembly Labor and Management Committee regarding amendments to NRS 616.580 in 1973, Senator Drakulich was assured by Mr. Reiser of the Nevada Industrial Commission that permanent total disability benefits would be discontinued unless the death was directly caused by the injury.