OPINION
 

 Per Curiam:
 

 Respondent Patricia Snyder (Snyder) cared for her disabled
 
 *1225
 
 father in her home from the time he was declared permanently and totally disabled due to an industrial accident until his death. After her father’s death, Snyder sought compensation from the State Industrial Insurance System (SIIS) for the attendant care she and her husband had provided for her father. SIIS denied Snyder’s claim and the hearing officer affirmed the denial of recompense for attendant care. The appeals officer reversed the denial, and the district court affirmed, and ordered that Snyder was to be paid reasonable compensation for the attendant care of her father. SIIS appealed the district court judgment to this court. SIIS contends that the district court and the appeals officer erred in granting benefits to Snyder for her father’s home health care as attendant care had been neither preauthorized nor shown to be medically necessary prior to her father’s death. We agree and reverse.
 

 FACTS
 

 Snyder’s father, James Brooklier (Brooklier), was injured in a serious car accident while driving a cab for ACE Cab Company on July 11, 1985. He sustained multiple broken ribs which punctured his lung, causing life-long breathing problems. After his release from the hospital in August of 1985, Brooklier moved in with Snyder and her husband Harold. As a result of his industrial injury, Brooklier was placed on permanent total disability status on July 1, 1986. Snyder wrote to the supervisor of the pension section of SIIS, Jean Estrada (Estrada), on October 12, 1987, to request benefits for the constant attendant care she was providing for her father. By letter dated December 16, 1987, Estrada responded that SIIS
 

 certainly would consider such a payment if a physician will state that this is needed due to industrial problems. Please have Mr. Brooklier see a physician with regard to his industrial problems and request that he send us a statement in this regard. As your father has many nonindustrial diagnoses and problems, and the State is covering only at this time an aggravation and oxygen, I will need something from your father’s physician.
 

 Brooklier died on July 26, 1990, and Snyder requested that SIIS pay for his burial expenses. By letter dated April 9, 1991, Estrada notified Snyder that her father’s “cause of death was not related to his industrial injury. Therefore, no future benefits will be extended and we must also deny burial expenses.”
 

 Snyder appealed the denial of burial expenses and attendant care to the hearing officer, who affirmed the decision of the SIIS. The hearing officer took official notice of Brooklier’s death certificate which identified the causes of death as cardiopulmonary
 
 *1226
 
 arrest, severe chronic obstructive pulmonary disease, and congestive heart failure complicated by severe renal disease. Therefore, with regard to burial expenses, the hearing officer found that Brooklier’s demise resulted from nonindustrial causes. However, with regard to attendant care, the decision states:
 

 [T]he Hearing Officer takes official notice where the insurer on December 16, 1987, would suggest to the appellant that a physician certify the need for attendant care. In this respect, the hearing officer directs that if the appellant is able to obtain such medical documentation, same is to be submitted to the insurer for its consideration. Presently, the Hearing Officer finds no evidence or statutory authority which would allow for an award of monies for attendant care.
 

 Snyder then appealed the denial of attendant care reimbursement to the appeals officer.
 
 [1]
 
 She offered her own testimony and a very brief letter from Dr. Edward Hoffman, who had treated Brooklier for fifteen years, that stated Brooklier was unable to care for himself from July 1985 through May 1990.
 

 Snyder testified that she became aware of the right to compensation for attendant care when she talked to Estrada in 1987. According to Snyder, Estrada told her she was eligible for attendant care, and that “I had to write her a letter and I was supposed to take my dad to the doctor.” Snyder sent a letter to SIIS requesting such payment. Snyder testified that she attempted to take her father to the doctor, “but there weren’t any doctors that wanted to get involved in anything.”
 

 Upon questioning by the appeals officer, Snyder testified that she and her husband and occasionally her son all cared for her father around-the-clock. Both she and her husband were forced to adjust their work schedules to accommodate Brooklier’s care schedule. The appeals officer concluded that: “Even though the claimant, Patricia Snyder, is the daughter of Mr. Brooklier it does not negate the fact he was in need of attendant care as a result of his industrial accident.” The appeals officer determined that Snyder had assumed the essential duties of caring for her father which took her away from job opportunities, other family affairs and household duties, and that she was thus entitled to reasonable compensation. He also noted that it would be unjust for SIIS to escape liability by assuming that a family member would perform these services gratuitously. The appeals officer reversed the decision of the hearing officer by decision and order dated November 21, 1991.
 

 
 *1227
 
 SIIS filed a motion for an order staying the appeals officer’s decision. After a hearing on the motion, the district court denied the stay and further ordered that Snyder was to be paid compensation for the attendant care of her father “from December 16, 1987, until his death in 1990, at a reasonably determined hourly or daily rate as ordered by the Appeals Officer.” SIIS then filed a petition for judicial review with the district court, arguing that Snyder, as a family member, could not be compensated for doing “ordinary household chores” and further asserting that attendant care for Brooklier had not been properly prescribed by a physician. The district court affirmed the decision of the appeals officer. SIIS appeals the district court’s determination to this court. By stipulation of the parties, an order of stay was entered by the district court pending this appeal.
 

 DISCUSSION
 

 When reviewing the decision of an administrative agency, this court is limited to the record below, and may not substitute its judgment for that of the agency as to questions of fact. NRS 233B.135; Brocas v. Mirage Hotel & Casino, 109 Nev. 579, 854 P.2d 862 (1993). Questions of statutory interpretation are subject to de novo review by this court on appeal.
 
 See
 
 SIIS v. United Exposition Services Co., 109 Nev. 28, 846 P.2d 294 (1993). The primary issue on review is whether preauthorization and a doctor’s certificate are prerequisites to obtaining reimbursement for attendant care under NRS 616.580(3).
 

 Under NRS 616.580(3), an employee who has been determined to have a permanent total disability (PTD) as a result of an industrial accident is entitled to receive an allowance for attendant service. The statute provides, in pertinent part:
 

 3. In cases of permanent total disability, if the character of the injury is such as to render the workman so physically helpless as to require the service of a constant attendant, an additional allowance may be made so long as such requirements continue, but the allowance may not be made while the workman is receiving benefits for care in a hospital or facility for intermediate care pursuant to the provisions of NRS 616.410 and 616.415.
 

 NRS 616.580(3). Thus, under NRS 616.580(3), a PTD worker may be given an additional allowance for attendant care if the worker is deemed “so physically helpless” as to require such care. There are no further definitions as to what constitutes “physically helpless” or “constant attendant.” There are similarly no statutes or regulations that provide further guidance as to
 
 *1228
 
 how a determination that a PTD worker needs attendant care will be made.
 

 At present, there exists no Nevada law requiring a claimant to obtain preauthorization and a doctor’s certificate as prerequisites to a claimant’s obtaining attendant care under NRS 616.580(3). Our current statutory scheme does expressly require notice of preauthorization for certain other procedures but not for attendant care.
 
 See, e.g.,
 
 NAC 616.562(6)-(7). Logically, some type of preauthorization or approval for attendant care would seem necessary. SIIS argues that it “was more than willing to provide assistant care for [Brooklier]. The condition precedent to this care was an order from the physician.” SIIS argues that it “even offered to pay for Mrs. Snyder to take her father to a physician.” Nevertheless, we are persuaded that a reasonable construction of NRS 616.580(3) mandates that some type of preauthorization and a physician’s recommendation be required as a prerequisite to obtaining an allowance for attendant care and that such documentation be submitted within a reasonable period of time from the incurring of such expense.
 

 SIIS informed this court that its practice is to require a physician’s prescription and preauthorization. An administrative agency such as SIIS, charged with the duty of administering an act, is impliedly clothed with power to construe the relevant laws and set necessary precedent to administrative action.
 
 See
 
 Truckee Meadows v. Int’l Firefighters, 109 Nev. 367, 849 P.2d 259 (1993).
 
 See generally
 
 Nevada Industrial Comm’n v. Reese, 93 Nev. 115, 120, 560 P.2d 1352, 1355 (1977). The construction placed on a statute by the agency charged with the duty of administering it is entitled to deference. Jones v. Rosner, 102 Nev. 215, 217, 719 P.2d 805, 806 (1986);
 
 see also
 
 Jessop v. SIIS, 107 Nev. 888, 892, 822 P.2d 116, 119 (1991) (Young, J., dissenting). We find the SIIS’ requirements to be a reasonable construction of and consistent with the legislative intent behind NRS 616.580.
 

 The legislative intent behind NRS 616.580 was to limit payment of permanent total disability benefits to the lifetime of the injured employee.
 
 See
 
 SIIS v. Rux, 102 Nev. 638, 639-40, 729 P.2d 1361, 1362 (1986). The statute was not intended to provide benefits to dependents after the death of the injured worker. In light of the statutory intent, and for the reasons set forth above, we conclude the district court erred in affirming the decision of the appeals officer to award Snyder benefits after her father’s death.
 

 
 *1229
 
 There is substantial evidence in the record to support the finding that Snyder and her family provided her father with necessary attendant care. Her status as a family member is not determinative as to any right to compensation she may have had while her father was alive. We conclude nonetheless that the district court erred as Snyder failed to obtain preauthorization for her father’s attendant care. We perceive no inequity in denying the requested reimbursement in the instant case as Snyder admits that Estrada told her medical authorization was required prior to approval for attendant care benefits. Snyder was aware of the need for such prior approval in 1987, yet she did not seek such medical authorization until 1991. Further, although Snyder ultimately did provide SIIS with a brief letter explaining her father’s medical need for attendant care, this was done long after her father’s demise. The letter did not sufficiently specify which of Mr. Brooklier’s conditions necessitated attendant care, and was thus, in all probability, deficient for that reason. This fact notwithstanding, we find certain overriding policy concerns mandate that authorization for attendant care be given prior to the death of the injured worker. Problems of proof that would otherwise arise to further burden a troubled system are thereby avoided.
 

 CONCLUSION
 

 We conclude the district court erred in affirming the decision of the appeals officer. We have carefully considered all other arguments raised on appeal and find they either lack merit or need not be addressed given our disposition of this case. Accordingly, we reverse the decision of the district court.
 

 [1]
 

 Snyder did not appeal the denial of reimbursement for her father’s funeral expenses.