OPINION
 

 Per Curiam:
 

 SUMMARY
 

 This is a case concerning recent legislation granting prosecutors the ability to once dismiss without prejudice a misdemeanor complaint against a defendant before trial. Based on our review of the legislation in light of our case law, which requires a showing of good cause before a prosecutor may seek a continuance, we conclude that the legislation is clear and unambiguous on its face and allows prosecutors, within constitutional limitations, to make such a dismissal without consent of the court.
 

 STATEMENT OF FACTS
 

 In October 1997, Richard A. Marcus (“Marcus”) was arrested and charged with misdemeanor driving under the influence. After Marcus entered a not guilty plea at his arraignment hearing, the Sparks Justice Court set the case for trial.
 

 Prior to trial, however, the State filed a motion for continuance supported by an affidavit from the district attorney as required by NRS 174.515 and Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969). In this affidavit, the district attorney swore, in relevant part, that the arresting officer who was the sole witness to Marcus’s arrest was unavailable because of mandatory self-defense training. Further, the affidavit stated that the request for continuance was made in good faith and not for the purposes of delay.
 

 In response, Marcus filed an opposition to the motion for continuance. Therein, Marcus argued that the State failed to show “good cause” for the trial continuance because it had failed to
 
 *190
 
 demonstrate what diligence had been used to procure the witness’s attendance—an affidavit element required by
 
 Hill.
 

 On the previously scheduled trial date, the justice of the peace heard oral argument on the motion for continuance. In this hearing, the State reiterated the fact that the arresting officer was unavailable due to his mandatory self-defense training and that, as a result, the State was “obviously . . . not ready to proceed to trial.” With regard to the sufficiency of the affidavit attached to the motion for continuance, the State noted that its affidavit did not appear to adequately evidence the necessary diligence or effort to obtain the missing witness. Therefore, rather than seeking a continuance supported by the possibly defective affidavit, the State invoked the statute at issue, NRS 174.085(5), and successfully moved that the complaint be dismissed without prejudice.
 

 In early February of 1998, the State refiled the same charges against Marcus in Sparks Justice Court by way of criminal complaint and served him with a summons. Thereafter, Marcus moved to dismiss the refiled case, arguing that the justice court had had no authority to dismiss the original proceeding without prejudice.
 

 In an order issued to resolve the matter, the justice court concluded that the statute in question, NRS 174.085(5), clearly gave the State “two bites at the apple,” thereby allowing the prosecutor to once dismiss a misdemeanor charge before trial without prejudice. Further, the justice of the peace indicated that a subpoena had been issued for the arresting officer’s attendance at trial, but that the officer had earlier informed the district attorney of his prior commitment. Therefore, the justice of the peace concluded that, even though the district attorney decided to rely on NRS 174.085(5) for dismissal, the district attorney may have been able to show the requisite due diligence at the first hearing.
 

 One day before the rescheduled trial date, Marcus filed a petition for writ of habeas corpus in district court. In that petition, Marcus argued that Nevada common law has established a “be prepared or lose” rule that cannot be and is not modified by revised NRS 174.085. At a brief hearing on the matter, the district court granted the writ, concluding that the statute did not excuse the State’s obligation to act in good faith and that the State had no right to dismiss and refile if it could not get a proper motion for continuance.
 

 The State now appeals the district court’s granting of Marcus’s writ.
 

 DISCUSSION
 

 The State contends that the district court erred in granting Marcus’s writ of habeas corpus because the legislature amended
 
 *191
 
 NRS 174.085(5) in order to grant Nevada prosecutors one chance to dismiss a misdemeanor complaint and later refile without prejudice. Further, the State argues that because of the legislative power to enact and modify criminal procedure, any common law requirement that the prosecution show due diligence and good faith before dismissing criminal charges is preempted. We agree.
 

 Before discussing revised NRS 174.085(5) and its effect on prosecutors, we will briefly review the case law on which Marcus and the district court below rely. The common law rule requiring prosecutors to make a showing of good cause before being granted a continuance by a justice court is grounded in this court’s decision in
 
 Hill
 
 where the “good cause” language of a different procedural statute—NRS 171.196(2)—was interpreted.
 
 [1]
 
 85 Nev. 234, 452 P.2d 918 (1969). With respect to NRS 171.196(2), this court held that “good cause” can be satisfied when the party seeking a continuance attaches an affidavit complying with DCR 14.
 
 Hill,
 
 85 Nev. at 235-36, 452 P.2d at 919. However, in certain emergency situations, the prosecution could make an oral motion for continuance supported by an oral affidavit, or could supplement deficiencies in supporting affidavits with oral testimony.
 
 See
 
 Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971); Jasper v. Sheriff, 88 Nev. 16, 492 P.2d 1305 (1972).
 

 Then, in Maes v. Sheriff, a case in which the prosecutor sought to refile a complaint after an earlier complaint had been dismissed because of a prosecutor’s improper motion for continuance, we held that the new proceeding was barred if the first was dismissed as a result of the ‘ ‘willful failure of the prosecutor to comply with important procedural rules.” 86 Nev. 317, 319, 468 P.2d 332, 333 (1970). Later, this court expanded the term “willful” to include not only intentional derelictions on the part of the prosecution, but also situations where there had been a “conscious indifference to rules of procedure affecting a defendant’s rights.” State v. Austin, 87 Nev. 81, 83, 482 P.2d 284, 285 (1971).
 

 Finally, we have noted that the prosecution bears the burden of showing good cause before seeking a continuance and of proving an excuse where it has caused the justice court’s dismissal of an earlier complaint by failing to make a proper motion for continuance.
 
 See
 
 McNair v. Sheriff, 89 Nev. 434, 438, 514 P.2d 1175, 1177 (1973).
 

 In 1997, the Nevada State Legislature amended NRS 174.085(5) to its current form, which states in relevant part:
 

 The prosecuting attorney in a case that he has initiated, may voluntarily dismiss a complaint:
 

 
 *192
 
 (a) Before a preliminary hearing if the crime with which the defendant is charged is a felony or gross misdemeanor; or
 

 (b) Before trial if the crime with which the defendant is charged is a misdemeanor, without prejudice to the right to file another complaint, unless the State of Nevada has previously filed a complaint against the defendant which was dismissed at the request of the prosecuting attorney. After the dismissal, the court shall order the defendant released from custody or, if he is released on bail, exonerate the obligors and release any bail.
 

 When reviewing a lower court’s construction of a statute, this court has held that the question is one of law, and therefore independent appellate review, rather than a more deferential standard, is appropriate. Tighe v. Las Vegas Metro. Police Dep’t, 110 Nev. 632, 634-35, 877 P.2d 1032, 1034 (1994). Accordingly, the district court’s holding is to be reviewed de novo.
 
 See also
 
 SIIS v. Snyder, 109 Nev. 1223, 1227, 865 P.2d 1168, 1170 (1993).
 

 When construing the meaning and effect of a statute, this court has consistently held that “[wjhere the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.” Erwin v. State of Nevada, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995) (quoting Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 503, 797 P.2d 946, 949 (1990)). Additionally, we have held that ‘ ‘the legislature clearly has the power to regulate procedure in criminal cases.” Colwell v. State, 112 Nev. 807, 813, 919 P.2d 403, 407 (1996). Finally, this court has held that the legislature may preempt common law where such preemption is clear from the statute. Holliday v. McMullen, 104 Nev. 294, 296, 756 P.2d 1179, 1180 (1988).
 

 After reviewing NRS 174.085(5), we conclude that the statute clearly and unambiguously authorizes a prosecutor to once dismiss without prejudice a misdemeanor complaint before trial without a showing of good cause. The absence of any good cause requirement is apparent from a comparison of the current language with the pre-amendment language. Before 1997, NRS 174.085(5) required that good cause be shown before a prosecutor could voluntarily dismiss an indictment, information, or complaint after the defendant had been arrested or incarcerated. 1997 Nev. Stat., ch. 504, § 1, at 2392. In contrast, revised NRS 174.085(5) removes any good cause prerequisite for a prosecutor dismissing a complaint before a misdemeanor trial and further
 
 *193
 
 requires the immediate release of the defendant from custody and the exoneration of any bail obligation.
 
 [2]
 
 With respect to a prosecutor dismissing an indictment or information after the arrest or incarceration of the defendant, however, revised NRS 174.085(7) retains the good cause requirement. Accordingly, we conclude that the legislature’s amendment containing no requirement that the prosecutor show good cause before once dismissing a misdemeanor complaint must be given effect and that the requirements announced in the
 
 Hill
 
 line of cases do not apply to the one dismissal allowed under NRS 174.085(5). However, we note that this power may not be used to violate any constitutional right guaranteed to the defendant.
 

 Our next concern is the general constitutionality of NRS 174.085(5), which Marcus challenges by invoking an equal protection clause argument. Based on our review of the parties’ arguments, the common law underpinnings of NRS 174.085(5), and the law in other jurisdictions, we conclude that the statute is constitutional.
 
 [3]
 

 
 *194
 
 Marcus contends that NRS 174.085(5) violates the Equal Protection Clause of the Constitution by impermissibly discriminating against the class of misdemeanor defendants with regard to a fundamental trial right.
 
 See
 
 U.S. Const. amend. XIV, § 1. We first conclude that misdemeanor defendants do not constitute a suspect class warranting a stricter standard of review.
 
 See
 
 Dohany v. Rogers, 281 U.S. 362, 369 (1930) (“The Legislature may classify and adopt one type of procedure for one class [of litigants] and a different type for another.”);
 
 see, e.g.,
 
 Blanton v. North Las Vegas Mun. Ct., 103 Nev. 623, 748 P.2d 494 (1987) (no right to jury trial for misdemeanor driving-under-the-influence defendants). Further, we conclude that the right to have a complaint dismissed by the prosecutor only upon a showing to the court of good cause is not one that is fundamental for equal protection purposes.
 
 See
 
 16B Am. Jur. 2d
 
 Constitutional Law
 
 § 816 (1998) (“only those liberties explicitly or implicitly guaranteed by [the] Federal Constitution” are fundamental for purposes of equal protection analysis). Thus, applying rational basis review to the legislation, we conclude that NRS 174.085(5) is rationally related to the legitimate government interest of giving prosecutors a qualified right to dismiss and refile charges so that evidence may be more fully developed before trial and the burdensome grand jury process may be avoided before reinstatement of charges.
 
 See
 
 Minutes of the Senate Committee on Judiciary at 5, 69th Leg. (Nev., June 30, 1997) (stating legislative purpose). Accordingly, NRS 174.085(5) does not violate any protections guaranteed by the Equal Protection Clause.
 
 See
 
 U.S. Const. amend. XIV, § 1.
 

 More generally, we recognize that the ability of a prosecutor to dismiss and reinstate a charge, known as a
 
 nolle prosequi
 
 order at common law, is one that has been widely accepted as constitutional.
 
 See, e.g.,
 
 Basing v. Cady, 208 U.S. 386 (1908) (recognizing that “no right secured ... by the Constitution or laws of the United States” is violated by a prosecutor’s dismissal of charges and release of the defendant from custody followed by a later reinstatement of those charges). Moreover, while many jurisdictions have instituted statutory schemes requiring some consent of or showing to the court before prosecutors can effect a pretrial dismissal without prejudice, other jurisdictions continue to grant prosecutors the absolute discretion to dismiss and refile.
 
 See generally
 
 21 Am. Jur. 2d
 
 Criminal Law
 
 § 770-84 (1998) (citing
 
 *195
 
 Missouri and Indiana as such jurisdictions); 3 Wharton’s Criminal Procedure, § 445, pp. 926-33 (13th ed. 1991) (citing Florida, Louisiana, Maryland, and Vermont as such jurisdictions). Thus, the continuing vitality of the
 
 nolle prosequi
 
 power in other states further evidences the constitutionality of the practice.
 

 Accordingly, we conclude that NRS 174.085(5) and the power it vests with prosecutors is constitutional. Further, although we recognize that under a different set of facts the statute may be applied unconstitutionally, the prosecutor here properly moved for dismissal under NRS 174.085(5), and thus the district court’s granting of Marcus’s writ of habeas corpus must be reversed.
 

 CONCLUSION
 

 Based on the foregoing analysis, we conclude that the prosecutor had the power to once dismiss Marcus’s misdemeanor charge without prejudice prior to trial, and thus we reverse the district court order granting Marcus’s writ of habeas corpus and dismissing the complaint against Marcus.
 

 [1]
 

 NRS 171.196(2) requires a magistrate to hear evidence of a charge within 15 days of arrest unless time is extended for “good cause.”
 

 [2]
 

 Although not necessary to our decision, we note that the legislative intent of amended NRS 174.085 supports our holding. As stated by the drafters, the general purpose of the legislation was to make it easier to dismiss and refile felony or gross misdemeanor complaints before preliminary hearings and misdemeanor complaints before trial without first having to go through the burdensome grand jury process.
 
 See
 
 Minutes of the Senate Committee on Judiciary at 5, 69th Leg. (Nev., June 30, 1997). Further, the drafters noted that many prosecutors in the state do not have the benefit of a grand jury available to them on a regular basis.
 
 See id.
 
 Finally, during the drafting stages of the bill, there was concern voiced by the public defender that the legislation protected unprepared prosecutors and affected Nevada case law regarding a prosecutor’s preparedness at trial.
 
 See
 
 Minutes of the Assembly Committee on Judiciary at 5, 69th Leg. (New, April 7, 1997). However, after several amendments and negotiations, the public defender offices of both Washoe and Clark counties appeared to approve of the statute’s current wording, apparently satisfied with the protections contained therein.
 
 See
 
 Minutes of the Assembly Committee on Judiciary at 13, 69th Leg. (New, June 20, 1997).
 

 [3]
 

 Although not raised by Marcus, we recognize the validity of NRS 174.085 with respect to other constitutional concerns. First, although the right to a speedy trial appears to be the most obviously impacted by the legislation, other provisions in NRS 174.085 resolve any concern. Specifically, NRS 174.085(5) provides for the defendant’s immediate release from confinement or from any bail obligation upon a dismissal of a complaint, and NRS 174.085(6) requires that any subsequent complaint be brought by way of summons—not arrest. Thus, because the Supreme Court of the United States has stated that the speedy trial clause does not apply when a defendant is neither incarcerated nor subject to a pending indictment, complaint, or other substantial restriction on their liberty, the right is not violated by the legislation’s dismissal procedure.
 
 See
 
 United States v. Loud Hawk, 474 U.S. 302, 312 (1986). Additionally, the legislation requires any subsequent proceeding to be
 
 *194
 
 heard by the original judge, protecting the defendant from 'any forum-shopping concerns. Finally, the legislation does not raise any double jeopardy concern with respect to a subsequent charge because jeopardy in Nevada does not attach prior to the taking of testimony at trial.
 
 See
 
 State v. Blackwell, 65 Nev. 405, 415, 200 P.2d 698, 698 (1948).