**KRAVE ENTERTAINMENT, LLC, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Steven Miller, Defendants.**

**No. 2:09–CV–01130–PMP–RJJ.**

United States District Court, D. Nevada.

Nov. 4, 2009.

Lyssa S. Anderson, Deanna L. Forbush, Fox Rothschild LLP, Lisa J. Zastrow, Greenberg Traurig, Las Vegas, NV, for Plaintiff.

**1234**

Amy M. Samberg, Snell & Wilmer L.L.P., Tucson, AZ, Chad R. Fears, Snell & Wilmer, LLP, Las Vegas, NV, for Defendants.

### ORDER

PHILIP M. PRO, District Judge.

Presently before this Court is Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. # 18), filed August 6, 2009. Plaintiff Krave Entertainment, LLC filed an Opposition (Doc. # 25) on September 14, 2009. Defendant filed a Reply (Doc. # 29) on October 7, 2009.

## I. BACKGROUND

Defendant Liberty Mutual Insurance Company issued to Plaintiff a Workers Compensation and Employers Liability Policy No. WC5–39S–307571–018 ("Policy"), with an effective date of May 27, 2008. (Pl.'s Compl. (Doc. # 1), Ex. 1.) Plaintiff alleges that in late November 2008, it received a premium bill from Defendant dated November 7, 2008 with a balance of $3,618. (*Id.* at ¶ 11.) Plaintiff alleges the bill requested $1,809 to be paid immediately, and the remaining balance due on November 25, 2008. (*Id.*) Four days later, Defendant sent a cancellation notice stating that the policy would be cancelled if payment was not received by November 25, 2008. (*Id.* at ¶ 12.) According to Plaintiff, Defendant then accepted a premium payment of $1,809 on November 11, 2008, and $1,809 on December 1, 2008. (*Id.* at ¶¶ 13–14.) Despite the acceptance of the premiums, Defendant allegedly rewrote the Policy with an effective date of December 10, 2008. (*Id.* at ¶ 15.) According to Plaintiff, the new Policy contained the same language with a different policy number. (*Id.* at ¶ 16.)

Plaintiff alleges Defendant did not send a bill to Plaintiff for December 2008 or January 2009 reflecting the premium due

for the new Policy. (*Id.* at ¶¶ 20–21.) Plaintiff alleges it called Defendant in an attempt to determine when Plaintiff should send the premium payment, and for what amount, but, according to Plaintiff, it received no response from Defendant. (*Id.* at ¶¶ 22–23.) On February 8, 2009, Steven Miller ("Miller"), an employee of Plaintiff, received injuries while working. (*Id.* at ¶ 28.) According to Plaintiff, three days later, Plaintiff made a payment of $3,600, and Defendant accepted and endorsed the check. (*Id.* at ¶¶ 24, 26.) On February 16, 2009, Miller submitted a workers' compensation claim, which Defendant denied on February 18, 2009. (*Id.* at ¶ 30.) Plaintiff alleges Defendant's denial was the first time Plaintiff was made aware that Defendant had allegedly sent a cancellation notice dated January 21, 2009. (*Id.* at ¶ 31.)

According to Plaintiff, on February 25, 2009, Plaintiff sent an additional premium payment of $1,699, and Defendant again accepted and endorsed the check. (*Id.* at ¶ 27.) Plaintiff alleges Defendant continues to refuse coverage under the new Policy. (*Id.* at ¶¶ 32–34.) As a result, the State of Nevada Department of Business and Industry commenced proceedings against Plaintiff, and Plaintiff has been referred to the Attorney General Workers' Compensation Fraud Unit. (*Id.* at ¶¶ 34–35.)

On June 24, 2009, Plaintiff filed a complaint against Defendant alleging: (1) violations of the Nevada Unfair Insurance Practices Act; (2) breach of the covenant of good faith and fair dealing; (3) breach of contract; (4) negligence; and (5) requesting a declaration that Defendant is required to provide coverage pursuant to the Nevada Declaratory Judgment Act. Defendant subsequently filed this Motion to Dismiss arguing that, though not specifically pled, Plaintiff essentially is bringing an action under the Industrial Insurance

Act related to a workers' compensation claim. Defendant argues that pursuant to Nevada Revised Statutes § 616D.030, Plaintiff is barred from bringing this action. In addition, Defendant contends the breach of contract, breach of the duty of good faith and fair dealing, and negligence claims are barred because they directly relate to the underlying workers' compensation claim. With respect to Plaintiff's declaratory action, Defendant argues Plaintiff should have brought it under the Federal Declaratory Judgment Act. However, even if Plaintiff did so, Defendant contends declaratory judgments are discretionary and the Court should not exercise its discretionary jurisdiction in this case.

Plaintiff responds that its action is not barred because its claims are not directly related to Miller's workers' compensation claim as evidenced by the fact that Plaintiff is asserting violations of the Unfair Insurance Practices Act, not the Industrial Insurance Act. In addition, Plaintiff requests leave to amend its Complaint to bring its declaratory action under the Federal Declaratory Judgment Act.

## II. LEGAL STANDARD

"On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a plaintiff need set forth only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the plaintiff must provide sufficient grounds establishing entitlement to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. DISCUSSION

### A. Nevada Industrial Insurance Act

Defendant contends that because Plaintiff's underlying claim is for coverage of a workers' compensation claim, the Industrial Insurance Act controls, and, pursuant to Nevada Revised Statutes § 616D.030, Plaintiff's only remedy is through the Act's administrative process. Plaintiff contends the Industrial Insurance Act does not control because Plaintiff is not alleging any statutory violations under the Act.

The Nevada Supreme Court has not addressed whether § 616D.030 applies to actions by employers against their insurance providers.[1] When a federal court interprets state law, it is bound by the decisions of the state's highest court. *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia,* 379 F.3d 557, 560 (9th Cir. 2004) (quotation omitted). Where the state's highest court has not decided the issue, a federal court sitting in diversity must predict how the state's highest court would decide. *Orkin v. Taylor,* 487 F.3d 734, 741 (9th Cir.2007). The Court may use "decisions from other jurisdictions,

---

1. The cases Defendant relies on to support its assertion that the administrative process is Plaintiff's sole remedy all involve an employee bringing a private cause of action related to the administration of his or her workers' compensation claim. *See Torre v. J.C. Penney Co., Inc.,* 916 F.Supp. 1029, 1031 (D.Nev.1996) (holding § 616D.030 barred employee's action where employee alleged the insurance carrier acted in bad faith in handling the claim); *Madera v. State Indus. Ins. Sys.,* 114 Nev. 253, 956 P.2d 117, 119–20 (1998) (holding § 616D.030 barred employees' actions where employees sued the State Industrial Insurance System alleging bad faith administration of their workers' compensation claims).

statutes, treatises, and restatements as guidance." *Assurance Co.,* 379 F.3d at 560 (quotation omitted).

■■■ "In Nevada, words in a statute should be given their plain meaning unless this violates the spirit of the act." *V & S Ry. LLC v. White Pine County,* 211 P.3d 879, 882 (Nev.2009) (quotation omitted). "Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the Legislature's intent." *Id.* (quotation and alteration omitted). However, the Court should read the statute to give weight to all its parts such that each word and phrase is "meaningful within the context of the purpose of the legislation." *Id.* (quotation omitted). "Further, a statute should not be read in a manner that renders a part of a statute meaningless or produces an absurd or unreasonable result." *Id.*

■■ Nevada Revised Statutes § 616D.030 states:

1. No cause of action may be brought or maintained against an insurer or a third-party administrator who violates any provision of this chapter or chapter 616A, 616B, 616C or 617 of NRS.

2. The administrative fines provided for in NRS 616B.318 and 616D.120 are the exclusive remedies for any violation of this chapter or chapter 616A, 616B, 616C or 617 of NRS committed by an insurer or a third-party administrator.

A plain reading of this statutory language suggests the administrative process is the exclusive remedy for any claim against an insurer or third-party administrator, not solely claims brought by injured employees. However, Nevada Revised Statutes § 616D.010 states:

Except as otherwise provided in NRS 616A.020, 616B.600 and 616C.190, no penalty or remedy provided in this chapter or chapter 616A, 616B or 616C of NRS is exclusive of any other penalty or remedy, but is cumulative and in addition to every other penalty or remedy and may be exercised without exhausting and without regard to any other penalty or remedy provided by those chapters or any other statute.

A plain reading of § 616D.010 suggests, contrary to § 616D.030, that remedies available under other statutes remain available. To resolve the apparent conflict between the two statutes, the Court will look to the purpose of the Industrial Insurance Act and seek to harmonize the two provisions giving effect to every word or phrase. The Nevada Supreme Court has noted the "purpose of worker's compensation acts is to put an end to private tort litigation between employer and employee and to give a worker the right to compensation for injuries suffered in employment, regardless of fault on the part of the employer." *State Indus. Ins. Sys. v. Rux,* 102 Nev. 638, 729 P.2d 1361, 1362 (1986). In accord, Nevada Revised Statutes § 616A.010 states:

The Legislature hereby determines and declares that:

1. The provisions of chapters 616A to 617, inclusive, of NRS must be interpreted and construed to ensure the quick and efficient payment of compensation to employees who are injured or disabled at a reasonable cost to the employers who are subject to the provisions of those chapters.

Thus, the Industrial Insurance Act serves to strike a balance between the employer/insurer and the employee with respect to handling of workers' compensation claims. However, that purpose is not served where, as here, the aggrieved party is not the injured employee, but is instead the employer asserting violations outside the Act.

Plaintiff is an employer bringing an action under the Unfair Insurance Practice Act for alleged failure to provide insurance

coverage. Although Plaintiff's action is related to Miller's on-the-job injury and subsequent workers' compensation claim, the action does not specifically concern the administration of Miller's claim, as Plaintiff already has compensated Miller for his injuries. *See Dillard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372, 989 P.2d 882, 885 (1999) (holding § 616D.030 did not preclude the plaintiff from bringing a tortious discharge action for filing a workers' compensation claim because the statutory scheme "applies only to the administration of the act"). Moreover, precluding Plaintiff from bringing an action against its insurer for violations outside of the Act would render meaningless § 616D.010's reference to remedies under "other statutes."

Reading Nevada Revised Statutes § 616D.030 in light of the purpose of the Industrial Insurance Act, and giving meaning to all the Act's statutory provisions, interpreting § 616D.030 to preclude an action by an employer against the insurer under a statute outside the Act would not serve the purpose of the Act, and would render § 616D.010's "any other statute" language meaningless. Thus, the Court finds Nevada Revised Statutes § 616D.030 does not bar Plaintiff's action and therefore denies Defendant's Motion to Dismiss Plaintiff's Complaint.

**B. Declaratory Judgment Act**

██ Defendant contends Plaintiff has brought its action under the wrong statute by citing to the Nevada Declaratory Judgment Act, rather than the Federal Declaratory Judgment Act. Additionally, Defendant argues exercising jurisdiction over a declaratory judgment claim is discretionary, and the Court should refrain from exercising jurisdiction in this case. Plaintiff responds that the Nevada Declaratory Judgment Act is the proper statute for its action. In the alternative, Plaintiff requests leave to amend its Complaint to pursue its declaratory action under the Federal Declaratory Judgment Act.

██ A federal court exercising diversity jurisdiction applies state substantive law and federal procedural law. *In re Larry's Apartment, LLC,* 249 F.3d 832, 837 (9th Cir.2001). Like its state counterpart, the Federal Declaratory Judgment Act does not grant jurisdiction where it otherwise would not exist, it merely provides an additional procedural remedy to the court. *Geni–Chlor Int'l, Inc. v. Multisonics Dev. Corp.,* 580 F.2d 981, 984 (9th Cir.1978); *see also Builders Ass'n of N. Nev. v. City of Reno,* 105 Nev. 368, 776 P.2d 1234, 1234 (1989) (addressing the state uniform declaratory judgment act). Therefore, the Federal Declaratory Judgment Act is the applicable authority for this Court.

██ Whether to exercise jurisdiction under the Federal Declaratory Judgment Act lies within the Court's discretion. *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 672 (9th Cir.2005). In determining whether to exercise jurisdiction in a declaratory judgment action the Court should consider the following factors: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Id.* In addition, the Court should retain jurisdiction on a declaratory judgment action where it is necessary to avoid piecemeal litigation. *Snodgrass v. Provident Life & Accident Ins. Co.,* 147 F.3d 1163, 1167 (9th Cir.1998).

██ The Court has already concluded that § 616D.030 does not preclude Plaintiff's state law claims, therefore, declining to exercise jurisdiction over the declaratory judgment claim would result in piecemeal litigation. Because a declaratory action is a procedural remedy, the Court

grants leave for Plaintiff to amend its Complaint to bring its declaratory action under the Federal Declaratory Judgment Act.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. # 18) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint to bring its declaratory action under the Federal Declaratory Judgment Act no later than thirty (30) days from the date of this Order.