An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
JOSEPH MARIO MORGAN,
Respondent.

No. 66245

FILED

FEB 12 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL IN PART AND REMAND*

This is an appeal from a district court order granting in part respondent Joseph Mario Morgan's pretrial petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In the proceedings below, Morgan was charged by indictment with interception of wire communication (count I) and surreptitious intrusion of privacy by listening device (count II, *see* NRS 200.650). In count I, the State alleged that Morgan violated NRS 200.620 by "record[ing] a telephone call between himself and [the victim] without the consent of all parties to the call." At the hearing on Morgan's petition, the district court determined that the grand jury, with regard to count I, "was not given all of the law. . . . [T]he missing part of the statute that the grand jury was not given may have resulted in an incomplete instruction which likely caused the [g]rand [j]ury to return an indictment on less than probable cause." In its order granting in part Morgan's petition and dismissing count I, the district court stated only that Morgan's petition was "granted as to NRS 200.620; and denied as to NRS 200.650." The State now appeals from the granting in part of Morgan's petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04681

The district court's determination involved a matter of law which we review de novo. *See Sheriff v. Marcus*, 116 Nev. 188, 192, 995 P.2d 1016, 1018 (2000). Here, the grand jury was properly instructed on the elements of the crime charged in count I pursuant to NRS 200.620(1), *see also* NRS 179.425(1)(b), and the district court's determination otherwise was erroneous.[1] *See* NRS 172.095(2) (providing that the State must instruct the grand jury of the elements of the offense alleged); *Clay v. Eighth Judicial Dist. Court.*, 129 Nev. ___, ___, 305 P.3d 898, 904 (2013) ("Nevada is among several jurisdictions that require the prosecutor to instruct the grand jury on the elements of the crime."). The additional language in "the missing part of the statute" does not refer to elements of the offense, and we do not agree that the jury was potentially misled by the instructions or that the integrity of the grand jury proceedings were compromised. *See Clay*, 129 Nev. at ___, 305 P.3d at 905. Therefore, we conclude that the district court erred by granting in part Morgan's petition and dismissing count I.

In response to the State's appeal, Morgan contends that he was entitled to the granting of his petition because the grand jury was not (1) informed that the victim consented to engaging in either a wire or oral

---

[1]The grand jury was instructed as follows: "It is unlawful for any person to knowingly and willfully intercept or attempt to intercept any wire communication." The grand jury was also instructed that an exception to the prohibition exists for "an investigative or law enforcement officer in the ordinary course of his or her duties." The charging indictment, provided to the grand jury, alleged that Morgan "did unlawfully, willfully, knowingly and feloniously intercept or attempt to intercept any wire communication, to wit: On or about December 11, 2012, the defendant recorded a telephone call between himself and [the victim] without the consent of all parties to the call."

communication, (2) provided with a definition of "oral communication," and (3) properly instructed about the law enforcement exception to NRS 200.620. The district court did not specifically address these claims below. Nevertheless, based on our review of the record, we conclude that Morgan's claims lack merit. Accordingly, we

ORDER the judgment of the district court REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc:   Hon. Jessie Elizabeth Walsh, District Judge
      Attorney General/Carson City
      Attorney General/Las Vegas
      Turco & Draskovich
      Eighth District Court Clerk