**Dynice HARDING, Plaintiff,**

v.

**SUMMIT MEDICAL CENTER, et al., Defendants.**

**No. C–00–3256 VRW.**

United States District Court, N.D. California.

March 23, 2001.

John E. Hill, Michael P. Guta, Law Offices of John E. Hill, Oakland, CA, for plaintiff.

Richard E. Brandt, Stephen L. Goff, Ann O'Connell, Jana N. Du Bois, McDonough, Holland & Allen, Sacramento, CA, for defendants.

Gordon D. McAuley, Hanson, Bridgett, Marcus, Vlahos & Rudy, San Francisco, CA, Aaron J. Leibovic, Gariann M. Weisenberg, Sherman Oaks, CA, for Health Advocates.

### ORDER

WALKER, District Judge.

Currently before the court is a motion filed by defendant Summit Medical Center and joined by defendant Health Advocates to dismiss plaintiff Dynice Harding's first amended complaint. The court finds this motion appropriate for decision without oral argument. Civil LR 7–1(b). As a result, the hearing scheduled for March 22, 2001, at 2:00 pm is VACATED. For the reasons set forth below, the motion is GRANTED.

I

In Harding's original complaint, she accused defendants of violating federal and state laws by collecting money from her through a lien on a personal injury settlement that she obtained from a third party.

Harding's primary cause of action was based on a provision of the Medicaid Act, 42 U.S.C. § 1396a(a)(25)(C), which provides that state Medicaid plans may not allow medical providers (such as defendants) to attempt to collect from a patient who has received payment from a liable third party. By order filed December 29, 2000, the court concluded that the Medicaid Act does not provide a private right of action. 12/29/01 Order (Doc # 18) at 11. Accordingly, Harding's claim based on this Medicaid provision was dismissed. *Id.*

██ Harding also sought a declaratory judgment based on her argument that an "actual controversy" existed between the parties because they disagreed whether 42 U.S.C. § 1396a or Cal. Welf. & Inst.Code § 14124 .791 controlled the issues of the case. The Declaratory Judgment Act, 22 U.S.C. § 2201, however, is not an independent basis for federal jurisdiction. William W Schwarzer, A Wallace Tashima and James M Wagstaffe, *Federal Civil Procedure Before Trial* § 10:14 (Rutter Group Practice Guide 2000) (hereinafter, Schwarzer); see also 22 U.S.C. § 2201 ("In a case of actual controversy *within its jurisdiction* \*\*\*.") (emphasis added). A party seeking declaratory relief, therefore, must first assert an independent basis for jurisdiction. Schwarzer § 10:14 (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)). Because this court had concluded that no private right of action exists under the Medicaid Act, which was the basis for Harding's only claim alleged under federal law, federal jurisdiction was found to be lacking and the claim for declaratory judgment was dismissed. 12/29/01 Order (Doc # 18) at 12. The court likewise dismissed all of Harding's remaining claims in the original complaint. *Id.* at 13.

On January 29, 2001, Harding filed the first amended complaint (FAC) now at issue. FAC (Doc # 20). The FAC is identical to Harding's original complaint, with two exceptions. First, given the fact that no private right of action exists under the Medicaid Act, Harding appropriately deleted the cause of action based on 42 U.S.C. § 1396a(a)(25)(C). Second, Harding added the following sentence to her claim for declaratory judgment:

> Plaintiff contends that Welfare and Institutions Code Section 14124.74 is preempted by 42 U.S.C. § 1396a because it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the Medicaid program.

FAC (Doc # 20), ¶ 27. Based on Harding's discussion of Cal. Welf. Inst.Code § 14124.*791* in earlier portions of the FAC, it is unclear whether Harding asserts that federal law preempts section 14124.791 or section 14124.74. Because the two provisions operate in tandem, however, the court construes Harding's claim as asserting that both sections 14124.791 and 14124.74 are preempted by 42 U.S.C. § 1396a. See FRCP 8(f). Harding alleges no other federal claims.

## II

The FAC thus boils down to a request by Harding for this court to issue a declaratory judgment that Cal Welf & InstCodes §§ 14124.791 and 14124.74 are preempted by section 1396a of the federal Medicaid Act. This court previously recognized that the federal and state statutory schemes in this area of the law present an apparent conflict. See 12/29/01 Order (Doc # 18) at 3–4. Section 1396a of the Medicaid Act, which regulates "State plan[s] for medical assistance," prohibits such plans from allowing medical providers to seek payment from a beneficiary who has collected from a liable third party by way of judgment, settlement or otherwise. 42 U.S.C. § 1396a(a)(25)(C). California, meanwhile, has enacted legislation that specifically

empowers medical providers "to file a lien for all fees for services provided to the beneficiary against any judgment, award or settlement obtained by the beneficiary *** against [a] third party." Cal. Welf. & Inst.Code § 14124.791. Section 14124.74 makes the medical provider's lien enforceable. See *Ghazarian v. Wheeler*, 177 F.R.D. 482, 485 (C.D.Cal.1997). In essence, therefore, California law tells medical providers that they can conduct themselves in a manner prohibited by federal law.

■ This conflict is the basis for Harding's preemption claim. Under the Supremacy Clause of the Constitution, state laws are preempted to the extent that they conflict with federal laws. *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995). The court believes, therefore, that there is a strong likelihood that Cal. Welf. & Inst. Code §§ 14124.791 and 14124.74 are preempted by the parallel provisions in the federal Medicaid Act. Indeed, defendants do not argue otherwise. The court, nonetheless, lacks the jurisdiction to rule on this matter.

■ Harding asserts that federal question jurisdiction exists under 28 U.S.C. § 1331 because she seeks equitable relief from state regulation on the ground that such regulation is preempted by federal law. See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Hydrostorage, Inc. v. Northern Cal. Boilermakers*, 891 F.2d 719, 724–25 (9th Cir.1989). It is well established that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. *Shaw*, 463 U.S. at 96 n. 14, 103 S.Ct. 2890. Moreover, courts have jurisdiction even if the plaintiff in such an action does not possess a private right of action that he seeks to enforce or a congressionally mandated remedial scheme under which he seeks to act. *Hy-*

*drostorage*, 891 F.2d at 724–25; *CIGNA Healthplan v. State of Louisiana*, 82 F.3d 642, 644 n. 1 (5th Cir.1996). In these injunctive relief scenarios, the Supremacy Clause itself provides the subject matter jurisdiction. *Hydrostorage*, 891 F.2d at 725.

■ But Harding is not suing state officials. The Supreme Court made clear in *Shaw* that a federal claim for declaratory judgment is stated (and thus the court's jurisdiction is triggered) by the allegation that some state official has violated the Supremacy Clause by encroaching on legal terrain that Congress has preempted. *Shaw*, 463 U.S. at 96 n. 14, 103 S.Ct. 2890; see also *CIGNA Healthplan*, 82 F.3d at 644 n. 1. Some of the defendants in *Shaw*, for example, were the New York State Division of Human Rights, the Division's Commissioner and the Division's General Counsel. *Shaw*, 463 U.S. at 92 n. 7, 103 S.Ct. 2890. Similarly, the defendants in *Hydrostorage* included the California Apprenticeship Council, an entity created by state statute to issue rules and regulations, while the State of Louisiana and Louisiana Attorney General, quite simply, were the defendants in *CIGNA Healthplan*. See *Hydrostorage*, 891 F.2d at 724–25; *CIGNA Healthplan*, 82 F.3d at 644. In the case at bar, on the other hand, Harding is suing a medical provider and its legal representative—two private entities that lack the ability to enact or enforce state legislation. Such defendants, therefore, cannot interfere with Harding's federal rights under the Supremacy Clause. In order for Harding to allege such a preemption claim properly, she must sue the appropriate California officials. This court's reach is circumscribed by the boundaries of federal jurisdiction and Harding's claims against defendants at bar do not reside within those limits. See *Kokkonen v. Guardian*

*Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

For the foregoing reasons, defendants' motion to dismiss (Docs # 21–24) is GRANTED. The clerk is directed to close the file and terminate all pending motions.

IT IS SO ORDERED.