Dynice HARDING, Plaintiff—
Appellant,

v.

SUMMIT MEDICAL CENTER, Health
Advocates, Defendants—Appellees.

No. 01–15967.
D.C. No. CV–00–03256–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided July 3, 2002.

Before SCHROEDER, Chief Judge,
D.W. NELSON, and REINHARDT,
Circuit Judges.

MEMORANDUM *

Dynice Harding first filed a complaint in
the United States District Court alleging
the following causes of action: 1) a claim
for declaratory judgment; 2) violation of
42 U.S.C. § 1396a(a)(25)(A-C); 3) a claim

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

for injunctive relief; and 4) a number of state law claims. The district court held that § 1396a(a)(25)(C) ("Medicaid Act") provides no private right of action under which Harding could pursue her first three claims. Pursuant to Fed.R.Civ.P. 12(b)(6), the district court dismissed these claims and declined to exercise supplemental jurisdiction over the state law claims, but gave Harding leave to amend her complaint to state a claim under 42 U.S.C. § 1983 or "any other relevant claim."

Harding then filed an amended complaint seeking, in addition to her earlier state law claims, a declaration that the Medicaid Act preempts California Welfare and Institutions Code §§ 14124.791 and 14124.74, and injunctive relief based on such preemption. The district court held that Harding's preemption claim failed because she sued only appellees Summit and Health Advocates, a private medical provider and its legal representative, and did not sue any state official. The district court then again dismissed her state law claims. We agree that we lack jurisdiction over Harding's federal claims, but conclude that her state law claims should have been dismissed without prejudice.

## I. Harding Has No Private Right of Action Under the Medicaid Act

■ Because the statutory scheme establishing the Medicaid Act does not expressly provide individuals with a private right of action, Harding can only raise a claim if an implied private right of action exists. The Supreme Court has established a four-part test to determine whether a cause of action exists under a federal statute where Congress has not expressly provided for one. *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Under the *Cort* test, a court determining the existence of a cause of action must inquire whether: 1) the statute is created for the

plaintiff's "especial benefit," 2) there is evidence of legislative intent to provide a remedy, 3) a private remedy would be consistent with legislative purposes, and 4) the cause of action is one traditionally relegated to the states. *Id.* at 78.

The application of the four factors enumerated in *Cort*, on balance, leads to the conclusion that a private cause of action against a private provider does not arise under the Medicaid Act. Only the first factor favors finding an implied private right of action. There is no doubt that the Medicaid Act was enacted for the "especial benefit" of Medicaid recipients like Harding. As Congress stated, the 1965 bill was "designed to liberalize the Federal law under which States operate their medical assistance programs so as to make medical services for the needy more generally available." S. Rep. No. 89–404 (1965), *reprinted in* 1965 U.S.C.C.A.N. 1943, 2014.

The remaining *Cort* factors all weigh against finding an implied cause of action. First, a review of the legislative history of the Medicaid Act reveals nothing in support of a Congressional intent to create a private right of action. In particular, the provision in question, § 1396a(a)(25)(C), is formulated as a requirement of a state plan; it imposes no independent obligation on medical providers like Summit. Second, there is little to suggest that implying a private right of action would be consistent with legislative intent. Medicaid legislation is primarily directed at the participating states. The existing enforcement mechanism against non-compliant states— the discontinuance of federal funds—is not consistent with a private right of action against private providers. 42 U.S.C. § 1396c. Third, the cause of action Harding presents is one typically relegated to state law. Health care regulation is traditionally an area of law left to the states. *N.Y. State Conference of Blue Cross &*

*Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 661, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995)(stating that "general health care regulation ... historically has been a matter of local concern."). In light of all four *Cort* factors, we conclude that the Medicaid Act was not intended to provide Harding with a private right to sue medical providers.

## II. Harding Failed to Allege A Proper Preemption Claim

■ In addition, federal courts have jurisdiction over suits in which plaintiffs seek to enjoin *state officials* from interfering with federal rights. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Hydrostorage, Inc., v. N. Cal. Boilermakers Local Joint Apprenticeship Comm.,* 891 F.2d 719, 724–25 (9th Cir.1989). In these injunctive relief suits, the Supremacy Clause itself provides subject matter jurisdiction for the federal court. *Hydrostorage,* 891 F.2d at 725. Harding, however, is not suing a state official of California. Instead, she is suing a private medical provider and its legal representative. Neither entity has the ability to enact or enforce state laws, and thus neither can interfere with Harding's rights under the Supremacy Clause.

## III. Harding's State Law Claims Should Not Have Been Dismissed With Prejudice

■ Finally, with regard to the dismissal of Harding's state law claims, we direct the district court to clarify its order. On its face, the order of the district court "might be unclear [as to] whether those claims are dismissed with or without prejudice. 'When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss

them without prejudice.' " *Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir.1994)(quoting *Les Shockley Racing v. National Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir.1989)). Here, as in *Gini,* we vacate the judgment with instructions to make clear that dismissal of the pendent state claims is without prejudice. *Id* at 1046.

AFFIRMED; JUDGMENT VACATED FOR MODIFICATION.