IN THE SUPREME COURT OF THE STATE OF NEVADA

MARGARITA CABRAL, AN INDIVIDUAL; DUSTIN CHAPMAN, AN INDIVIDUAL; STEPHANIE COHEN, AN INDIVIDUAL; RYAN COURTNEY, AN INDIVIDUAL; EDMOND DAVID, AN INDIVIDUAL; BUFFY MILLER, A/K/A BUFFY HAUGH, AN INDIVIDUAL; CATHY GRAVILE, AN INDIVIDUAL; GINA MARINELLI, AN INDIVIDUAL; ERIC MARMION, AN INDIVIDUAL; ASHLEY MCGOWAN, AN INDIVIDUAL; TODD MILLER, AN INDIVIDUAL; MARITZA RIVAS, AN INDIVIDUAL; DIANE SOMMER, AN INDIVIDUAL; SUSAN UNGER, AN INDIVIDUAL; DAN UNGER, AN INDIVIDUAL; ANDRA VERSTRAETE, AN INDIVIDUAL; MARY PHELPS, AN INDIVIDUAL; VICTOR WUKOVITS, AN INDIVIDUAL; LARRY LAWTER, AN INDIVIDUAL; CINDY MONTGOMERY, AN INDIVIDUAL; ASHLEY BOLDUS, AN INDIVIDUAL; DARRELL BIESHADA, AN INDIVIDUAL; DAVID DUNPHY, AN INDIVIDUAL; KERRI SHAPIRO, AN INDIVIDUAL; JACOB TALLMAN, AN INDIVIDUAL; CATHY KONGPHOUTHAKHOUN, AN INDIVIDUAL; JULIE MUTSKO, AN INDIVIDUAL; JAMES STREHLE, AN INDIVIDUAL; JOHN CERVANTES, AN INDIVIDUAL; LISA BARRETT, AN INDIVIDUAL; PAUL DININO, AN INDIVIDUAL; STEVEN SCHNITZER, AN INDIVIDUAL; MARIANNE DENIS,

No. 78580

FILED

JUL 29 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

20-27605

AN INDIVIDUAL; GABRIEL LEVIN, AN INDIVIDUAL; MARIA MARTINEZ, AN INDIVIDUAL; ABIGAIL ROBINSON, AN INDIVIDUAL; IAN INMAN, AN INDIVIDUAL; CHARLES BOWES, AN INDIVIDUAL; DAVID KAMSLER, AN INDIVIDUAL; ROBERT HERRERA, AN INDIVIDUAL; PRISCILLA HERNANDEZ, AN INDIVIDUAL; TIFFANI WASHINGTON, AN INDIVIDUAL; PATRICIA L. FALCONE, PH.D., AN INDIVIDUAL; JEFFERY MASON, AN INDIVIDUAL; ERIC SERRANO, AN INDIVIDUAL; JULIE HANSON, AN INDIVIDUAL; RHONDA WEBSTER, AN INDIVIDUAL; AND MEGAN PALLANSCH, F/K/A MEGHAN HENNESSEY, AN INDIVIDUAL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, Appellants,

vs.

CAESARS ENTERTAINMENT CORPORATION, A DELAWARE CORPORATION; CAESARS ENTERTAINMENT OPERATING COMPANY, INC, A DELAWARE CORPORATION; CAESARS ENTERTAINMENT RESORT PROPERTIES, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS ENTERTAINMENT RESORT PROPERTIES HOLDCO LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS ENTERPRISE SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY;

CAESARS GROWTH BALLY'S LV, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS GROWTH PROPERTIES HOLDINGS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS GROWTH PROPERTIES PARENT, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS GROWTH PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS GROWTH QUAD LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS GROWTH PH, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CAESARS WORLD, LLC, A FLORIDA LIMITED LIABILITY COMPANY; CAESARS PALACE CORPORATION, A DELAWARE CORPORATION; 3535 LV NEWCO, LLC, A DELAWARE LIMITED LIABILITY COMPANY, D/B/A THE LINQ HOTEL AND CASINO; DESERT PALACE, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A CAESARS PALACE; FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A FLAMINGO LAS VEGAS; HARRAH'S LAS VEGAS, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A HARRAH'S CASINO HOTEL LAS VEGAS; PARBALL NEWCO, LLC, A DELAWARE LIMITED LIABILITY COMPANY, D/B/A BALLY'S LAS VEGAS; PHWLV, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A PLANET HOLLYWOOD RESORT &

CASINO; RIO PROPERTIES, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A RIO ALL-SUITE HOTEL & CASINO; PARIS LAS VEGAS OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A PARIS LAS VEGAS; MGM RESORTS INTERNATIONAL, A DELAWARE CORPORATION; RAMPARTS, INC., A NEVADA CORPORATION, D/B/A LUXOR LAS VEGAS RESORT AND CASINO; MGM GRAND HOTEL, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A MGM GRAND LAS VEGAS; NEW YORK-NEW YORK HOTEL & CASINO, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A NEW YORK NEW YORK HOTEL AND CASINO; ARIA RESORT & CASINO HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A ARIA RESORT & CASINO; BELLAGIO, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A BELLAGIO LAS VEGAS; NEW CASTLE CORP., A NEVADA CORPORATION, D/B/A EXCALIBUR HOTEL & CASINO; VICTORIA PARTNERS, A PARTNERSHIP, D/B/A PARK MGM, F/K/A MONTE CARLO RESORT & CASINO; THE MIRAGE CASINO-HOTEL, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A THE MIRAGE-LAS VEGAS HOTEL & CASINO; MANDALAY CORP., D/B/A MANDALAY BAY RESORT AND CASINO; MANDALAY CORP., A NEVADA CORPORATION, D/B/A

DELANO; CIRCUS CIRCUS CASINOS, INC., A NEVADA CORPORATION, D/B/A CIRCUS CIRCUS HOTEL & CASINO; FOUR SEASONS HOTELS, LIMITED, A CANADIAN CORPORATION; WYNN RESORTS, LTD., A NEVADA CORPORATION; WYNN LAS VEGAS, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A WYNN LAS VEGAS AND ENCORE AT WYNN LAS VEGAS; LAS VEGAS SANDS CORP., A NEVADA CORPORATION; VENETIAN CASINO RESORT, LLC, A NEVADA LIMITED LIABILITY COMPANY; LAS VEGAS SANDS, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A VENETIAN RESORT HOTEL CASINO AND PALAZZO RESORT HOTEL CASINO; LAS VEGAS RESORT HOLDINGS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, D/B/A SLS LAS VEGAS, A/K/A SLS HOTEL & CASINO LAS VEGAS; PENN NATIONAL GAMING, INC., A PENNSYLVANIA CORORATION; TROPICANA LAS VEGAS HOTEL AND CASINO, INC., A DELAWARE CORPORATION; TROPICANA LAS VEGAS, INC., A NEVADA CORORATION, D/B/A TROPICANA LAS VEGAS; NEVADA PROPERTY 1, LLC, A DELAWARE LIMITED LIABILITY COMPANY, D/B/A THE COSMOPOLITAN OF LAS VEGAS; TREASURE ISLAND, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A TREASURE ISLAND HOTEL &

SUPREME COURT
OF
NEVADA

(O) 1947A

5

CASINO; RUFFIN ACQUISITION, LLC, A NEVADA LIMITED LIABILITY COMPANY; AMERICAN CASINO & ENTERTAINMENT PROPERTIES, LLC, A DELAWARE LIMITED LIABILITY COMPANY; STRATOSPHERE GAMING, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A, STRATOSPHERE CASINO, HOTEL & TOWER; GOLDEN ENTERTAINMENT (NV), INC., A MINNESOTA CORPORATION; GOLDEN CASINOS NEVADA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; WESTGATE RESORTS, INC., A FLORIDA CORPORATION; NAV-LVH, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A WESTGATE LAS VEGAS RESORT & CASINO; FP HOLDINGS, LP, A NEVADA LIMITED PARTNERSHIP, D/B/A PALMS CASINO RESORT; FIESTA PARENTCO, LLC, A NEVADA LIMITED LIABILITY COMPANY; STATION CASINOS, LLC, A NEVADA LIMITED LIABILITY COMPANY; NP PALACE, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A PALACE STATION HOTEL & CASINO; RED ROCK RESORTS, INC., A DELAWARE CORPORATION; GAUGHAN SOUTH, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A SOUTH POINT HOTEL, CASINO & SPA; HRHH HOTEL/CASINO, LLC, A DELAWARE LIMITED LIABILITY COMPANY, D/B/A HARD ROCK HOTEL & CASINO; PLAZA HOTEL & CASINO, LLC, A

NEVADA LIMITED LIABILITY
COMPANY, D/B/A PLAZA HOTEL AND
CASINO; PLAYLV GAMING
OPERATIONS, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
GNLV CORP., A NEVADA
CORPORATION, D/B/A GOLDEN
NUGGET HOTEL & CASINO; GOLDEN
NUGGET, INC., A NEVADA
CORPORATION; AND LANDRY'S, INC.,
A DELAWARE CORPORATION,
Respondents.

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint in a class action lawsuit. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

Respondents, 64 hotel operators, collected taxes on their mandatory resort fees under the Clark County Combined Transient Lodging Tax (CTLT) from appellants, 48 hotel guests.[2] These resort fees included internet access costs. Appellants sued in district court, alleging that respondents unlawfully collected taxes on internet access costs and stating the following causes of action: (1) a violation of the Internet Tax Freedom Act (ITFA), (2) a violation of the CTLT, (3) a violation of the

---

[1]The Honorable James W. Hardesty, Justice, did not participate in the resolution of this matter.

[2]Appellants also represent other similarly situated individuals in this class action lawsuit.

Deceptive Trade Practices Act (DTPA), (4) a breach of the implied covenant of good faith and fair dealings, (5) money had and received, (6) conversion, (7) unjust enrichment, and (8) declaratory relief. Respondents filed a motion to dismiss for failure to state a claim.

The district court dismissed appellants' complaint. First, it found that appellants' cause of action for a violation of the ITFA failed to state a viable claim for relief because Congress did not create a private right of action to enforce the ITFA and respondents are private entities. Moreover, the court found appellants failed to adequately allege that internet access costs bundled into resort fees are nontaxable under the ITFA. Second, the district court found that appellants' cause of action for a violation of the CTLT failed to state a viable claim for relief because the CTLT does not contain a private right of action. In addition, it concluded appellants failed to adequately allege that taxing internet access costs bundled into resort fees violates the CTLT. Third, the district court found that appellants' remaining causes of action failed to state viable claims for relief because they were derivative of appellants' ITFA and CTLT causes of action and impermissible attempts to enforce the ITFA and CTLT. This appeal followed. Appellants specifically challenge the district court's dismissal of their claims for a violation of the DTPA and for declaratory relief.

The district court may grant a motion to dismiss when a party fails to state a claim upon which relief can be granted. NRCP 12(b)(5). Reviewing the district court order granting respondents' motion to dismiss de novo, *Munda v. Summerlin Life & Health Ins. Co.*, 127 Nev. 918, 923, 267 P.3d 771, 774 (2011), we affirm.

*There is no private right of action under the ITFA or CTLT*

In order to determine whether the district court erred in dismissing appellants' claims for a violation of the DTPA and for declaratory relief, we must first evaluate whether there is a private right of action under the ITFA or CTLT. The ITFA imposes a national moratorium on state and local government taxation of internet access.[3] *See generally* ITFA §§ 1100-09. The CTLT is a local ordinance that imposes a tax on gross receipts received by transient lodging establishments[4] from their occupants in Clark County. *See* Clark County Code (CCC) §§ 4.08.005-4.08.130 (2020). Neither the ITFA nor the CTLT expressly includes a private right of action.

The lack of a specified mechanism for private relief indicates that none was intended. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."); *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 959, 194 P.3d 96, 101 (2008) ("[T]he absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy."). Because the ITFA and the

---

[3]The ITFA is not codified in the United States Code. Rather, it is found as a note to 47 U.S.C. § 151 (2012) and in various Public Laws that Congress enacted between 1998 and 2016. *See, e.g.*, Trade Facilitation & Enforcement Act of 2015, Pub. L. No. 114-125, tit. IX, § 922, 130 Stat. 281 (2016) (making the moratorium on internet access taxes permanent).

[4]There is no dispute that respondent resort properties qualify as transient lodging establishments under the CTLT.

CTLT do not expressly provide for private rights of action, we conclude that none exist.

The ITFA is a limitation on state and local government taxing authorities. As private entities, respondents do not impose taxes and are not regulated by the ITFA. Appellants therefore cannot state a viable claim against respondents for a violation of the ITFA. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 834 (9th Cir. 1999) (reasoning that private actors did not violate a statute regulating government action when Congress did not expressly include private actors within the statute's reach).

Similarly, appellants cannot state a viable claim against respondents for a violation of the CTLT. When resort properties collect taxes under the CTLT, the taxes constitute "public monies from the moment of their collection and [are] held in trust by the operator collecting such taxes for the use and benefit of the agencies for whom such revenues are collected." CCC § 4.08.055(b). If a resort property fails to properly collect taxes under the CTLT, the CTLT provides for numerous enforcement mechanisms, none of which allow a private party to sue the resort property directly. *See, e.g.*, CCC § 4.08.060(b) (providing that if a resort property operator fails to pay Clark County all tax due, "then the operator's transient lodging establishment license . . . shall be deemed automatically suspended"); CCC § 4.08.105 (vesting the director of the Clark County Department of Business License with enforcement authority of the CTLT); CCC § 4.08.110(a) (providing that a violation of the CTLT is a misdemeanor).

Supreme Court
of
Nevada

(O) 1947A

If appellants are unsatisfied with Clark County's enforcement of the CTLT or allege that the CTLT is being collected in violation of the ITFA, they must direct their complaint to, or against, Clark County. *See* CCC § 4.08.075 (providing that consumers may file refund claims directly with the Clark County Department of Business License if they believe the CTLT was over-collected by resort property operators); *Harding v. Summit Med. Ctr.*, 136 F. Supp. 2d 1052, 1055 (N.D. Cal. 2011) (explaining that private actors "lack the ability to enact or enforce state legislation" and thus do not violate federal law when they adhere to state law as written), *vacated in part*, 41 Fed. Appx. 83 (9th Cir. 2002). Thus, appellants cannot state a viable claim against respondents for a violation of the CTLT or the ITFA.

*Appellants did not state a viable claim for a violation of the DTPA*

Appellants argue that they stated a viable claim for a violation of the DTPA. The DTPA prohibits and imposes penalties for deceptive trade practices. *See* NRS 598.0999. NRS 598.0923(3), also known as the borrowing provision, provides that a party engages in a deceptive trade practice if he or she knowingly "[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." A party also engages in a deceptive trade practice if he or she "[k]nowingly makes any other false representation in a transaction." NRS 598.0915(15). NRS 598.0955(1)(a) provides that the DTPA does not apply to "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state or local governmental agency."

We determine that appellants failed to state a claim for a violation of the DTPA because the claim is derivative of appellants' unviable causes of action for a violation of the ITFA and the CTLT. Appellants failed

to adequately allege that respondents acted contrary to tax laws or knowingly violated any consumer protection law. *See Loeffler v. Target Corp.*, 324 P.3d 50, 76-77 (Cal. 2014) (holding that an alleged overcollection of tax could not serve as a predicate for a California consumer protection claim when a business acted in conformity with governing taxing statutes). Moreover, appellants may not attempt to enforce the ITFA and CTLT when they have no private right of action by repackaging those claims as a DTPA claim. *See Astra USA, Inc. v. Santa Clara Cty.*, 563 U.S. 110, 113-14, 118 (2011) (holding that where "Congress authorized no private right of action . . . to sue for overcharges under the [federal] statute itself," then a party could not recover under a differently labeled legal challenge when doing so is "in essence a suit to enforce the statute itself"); *Rose v. Bank of Am., N.A.*, 304 P.3d 181, 186 (Cal. 2013) (recognizing that California's Unfair Competition Law cannot be used to "plead around a legislative determination foreclosing private enforcement of another statute" (internal quotation marks omitted)). Finally, appellants did not adequately allege that respondents knowingly made any false representations. The district court therefore did not err in finding that appellants failed to state a viable claim for a violation of the DTPA.[5]

*Appellants did not state a viable claim for declaratory relief*

Appellants argue that they stated a viable claim for declaratory relief. Their complaint sought a judicial declaration that respondents

---

[5]In reaching this conclusion, we decline to resolve whether a resort property operator's collection of a tax constitutes a trade practice subject to the DTPA.

SUPREME COURT
OF
NEVADA

(O) 1947A

wrongfully charged and are prohibited from further charging taxes under the CTLT on the portion of resort fees that constituted internet access costs. However, "[d]eclaratory relief is available only if: (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cty. of Clark v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998). This court will not allow a party to overcome the lack of a private right of action by repackaging an alleged statutory violation as a declaratory relief action. *See Builders Ass'n of N. Nev. v. City of Reno*, 105 Nev. 368, 369-70, 776 P.2d 1234, 1234-35 (1989).

We determine that appellants failed to state a viable claim for declaratory relief because, similar to above, appellants may not overcome the lack of a private right of action under the ITFA and CTLT by repackaging their claims under another name. Moreover, because appellants cannot sue respondents for a violation of the ITFA or CTLT, there is no justiciable controversy between the parties and appellants have no legally protectable interest at issue here. The district court therefore did not err in finding that appellants failed to state a viable claim for declaratory relief.

In sum, the district court did not err in finding that appellants failed to state a claim for a violation of the DTPA or for declaratory relief.[6] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

---

[6]Because appellants did not dispute the district court's findings as to the remaining causes of action, we need not consider them on appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). Because we affirm the district court order on these grounds, we need not address the parties' arguments as to whether the ITFA's accounting rule and the CTLT permit respondents to collect taxes on internet access costs bundled into resort fees.

cc:   Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Berger Montague PC
McCulley McCluer PLLC
McDonald Carano LLP/Reno
Snell & Wilmer, LLP/Las Vegas
Chris Davis
Greenberg Traurig, LLP/Las Vegas
Reed Smith LLP/Los Angeles
Ballard Spahr LLP/Las Vegas
Fennemore Craig P.C./Reno
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Pyatt Silvestri
Greenspoon Marder LLP/Ft. Lauderdale
Pisanelli Bice, PLLC
Fennemore Craig, P.C./Las Vegas
Greenspoon Marder LLP/Las Vegas
Robison, Sharp, Sullivan & Brust
Eighth District Court Clerk